LAFAYETTE & KUMAGAI LLP
SUSAN T. KUMAGAI (State Bar No. 127667)
TATIANA SMALL (State Bar No. 259697)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant MACY'S WEST STORES, INC.

ORIGINAL FILED
2010 JUN 25 A 10:57
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JCS

| | |
|---|---|
| SHOKAT HAMED,<br>Plaintiff,[1]<br>vs.<br>MACY'S WEST STORES, INC. and DOES 1-50,<br>Defendants. | Case No. CV 10 2790<br>Complaint Filed: May 21, 2010<br>**DEFENDANT MACY'S WEST STORES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446**<br>[Declarations of Julie Avins, Linda Balicki, and JoAnn Nelson filed concurrently herewith.] |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Macy's West Stores, Inc. hereby provides notice of the removal to the United States District Court for the Northern District of California of the following lawsuit filed on May 21, 2010, in the San Francisco County Superior Court: *Shokat Hamed vs. Macy's West Stores, Inc. and DOES 1-50*, San Francisco County Superior

[1] Incorrectly identified in the caption of the Complaint for Damages as "Defendant."

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Court Case No. CGC-10-500089 (the "Complaint"). In accordance with 28 U.S.C. § 1446(a), the following is a short and plain statement of the grounds for removal.

## I. DESCRIPTION OF THE ACTION

On or about May 21, 2010, Plaintiff Shokat Hamed ("Plaintiff") filed a complaint against Macy's Department Stores, Inc. in the Superior Court of California, City and County of San Francisco (the "State Court Action"). The Defendant in this action is Macy's West Stores, Inc. ("MWSI"). A true and correct copy of the Complaint is attached hereto as Exhibit D.

On May 27, 2010, Plaintiff served the Summons and Complaint on MWSI. A true and correct copy of the Summons is attached hereto as Exhibit E.

On June 25, 2010, MWSI filed an answer to the complaint in the Superior Court of California, City and County of San Francisco. A true and correct copy of the Answer is attached hereto as Exhibit F.

In her Complaint, Plaintiff seeks relief for alleged pecuniary and non-pecuniary losses under California Government Code § 12900 et seq. and Article I, Section 8 of the California Constitution in connection with the termination of her employment on or about November 4, 2009. Plaintiff also seeks to recover punitive damages in addition to attorneys' fees, costs, and prejudgment interest.

## II. BASIS FOR REMOVAL (DIVERSITY JURISDICTION)

### A. Diversity of Citizenship Exists

This action is between citizens of different States. Plaintiff alleges she is a resident of the State of California. (Complaint ("Compl.") ¶ 1, Exh. D.) As of the time of filing this Notice of Removal, Defendant Macy's West Stores, Inc. has no knowledge or reason to believe that Plaintiff is no longer a resident of the State of California.

A corporation is deemed to be a citizen of both its state of incorporation and the state in which it maintains it principal place of business. 28 U.S.C. §1331(c)(1). As of the time the State Court Action was filed, Defendant Macy's West Stores, Inc. was and remains incorporated under the laws of the state of Ohio. (Declaration of Linda Balicki ("Balicki Decl.") ¶ 3, Exh. A.)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

On May 21, 2010, the date on which Plaintiff Shokat Hamed filed the State Court Action, MWSI's principal place of business was and remains located in Cincinnati, Ohio. (Balicki Decl. ¶ 4, Exh. A.) The officers and senior management who direct, control, and coordinate MWSI's activities do so from MWSI's Cincinnati, Ohio headquarters location. (*Id.*; *see also Hertz Corp. v. Friend*, 559 U.S. ___ (2010).) The corporation's two directors reside and work in Cincinnati, Ohio. (*Id.*) Over half of MWSI's 26 officers reside and work in Ohio. (*Id.*) The officers located in Ohio include the President, Executive Vice President, Senior Vice President, and five of six Vice Presidents for MWSI, including MWSI's Treasurer. (*Id.*) Only two of MWSI's 26 officers work and reside in California. (*Id.*) Thus, approximately 92% of MWSI's 26 officers reside and work outside of the State of California. (*Id.*) All decisions with respect to the direction and management of MWSI are made in Ohio. (*Id.*) Ohio is therefore the "nerve center" for MWSI, and under the holding of *Hertz Corp. v. Friend*, 559 U.S. ___, 130 S.Ct. 1181 (2010), the principal place of business of MWSI.

The defendants designated in the Complaint as Does 1-50 are fictitious defendants whose citizenship is to be disregarded for purposes of removal pursuant to 28 U.S.C. § 1441(a). *See also Soliman v. Philip Morris, et al.*, 311 F.3d 966, 971 (9th Cir. 2002).

In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship in as much as Plaintiff and Defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1),(c)(1).

**B. <u>The Amount in Controversy Exceeds $75,000</u>**

The Complaint alleges substantial losses in earnings and job benefits, discomfort, embarrassment, humiliation, emotional distress, mental distress, and physical distress. (Compl. ¶¶ 15, 25, 35, 44, 49, Exh. D.) Plaintiff also seeks compensatory damages, punitive and exemplary damages, prejudgment interest on all amounts claimed, attorneys' fees, and costs of suit. (Id. ¶¶15, 16, 25, 26, 35, 36, 44, 45, 49, 50, Prayer.)

At the time of the termination of her employment on or about November 4, 2009, Plaintiff was an hourly Sales Associate in the Young Men's department at a Macy's West Stores, Inc. location in San Mateo, California, earning $11.50 per hour approximately thirty (30) hours per week. (Declaration of Julie Avins ¶ 3, Exh. B.) Assuming arguendo that Plaintiff were to

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

succeed on her claims, the loss in earnings alone is reasonably calculated to be at least $30,000 by the time this action is tried. Adding Plaintiff's additional claims for compensatory damages, punitive damages, and attorneys' fees places the amount in controversy well in excess of $75,000.

Further, Plaintiff's demand one week prior to the filing of the State Court Action evidences her belief that the amount in controversy is in fact over $75,000. On May 14, 2010, Plaintiff, through her attorney, stated that she "would accept $450,000 . . . in order to settle her claims." (Declaration of JoAnn Nelson ("Nelson Decl.") ¶ 3, Exh. C.) It is well-settled in this jurisdiction that settlement demands are relevant to establish that the jurisdictional threshhold has been met. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (2002).

While Defendant Macy's West Stores, Inc. expressly reserves all rights to dispute the allegations in the Complaint, the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met inasmuch as the amount in controversy exceeds $75,000.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## III. <u>THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER</u>

Based on the foregoing, this action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of the Complaint and all other papers served in the State Court Action as of the filing of this Notice of Removal are attached hereto.

This Notice of Removal is filed within the time prescribed by 28 U.S.C. §1446(b) (within 30 days of the effectuation of service of the Complaint). Plaintiff served the Complaint on May 27, 2010. (Nelson Decl. ¶ 4, Exh. C.) Macy's West Stores, Inc. is filing this Notice of Removal on June 25, 2010.

Case3:10-cv-02790-JCS Document1 Filed06/25/10 Page5 of 44

**IV. CONCLUSION AND REQUESTED RELIEF**

For the reasons set forth above, Defendant Macy's West Stores, Inc. respectfully requests that this Court proceed with this matter as if it had originally filed herein.

DATED: June 25, 2010

LAFAYETTE & KUMAGAI LLP

SUSAN T. KUMAGAI
Attorneys for Defendant
MACY'S WEST STORES, INC.

\Pldg\Notice of Removal - FINAL (Hamed) (2).DOC

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

5

DEFENDANT MACY'S WEST STORES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446

**Notice of Removal Exhibit A**

Case3:10-cv-02790-JCS Document1 Filed06/25/10 Page7 of 44

LAFAYETTE & KUMAGAI LLP
SUSAN T. KUMAGAI (State Bar No. 127667)
TATIANA SMALL (State Bar No. 259697)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant MACY'S WEST STORES, INC.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHOKAT HAMED,

Plaintiff,[1]

vs.

MACY'S WEST STORES, INC. and DOES 1-50,

Defendants.

Case No.

**DECLARATION OF LINDA BALICKI IN SUPPORT OF DEFENDANT MACY'S WEST STORES, INC.'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446**

[Notice of Removal filed concurrently herewith.]

I, Linda Balicki, hereby declare the following:

1. I am an attorney employed by Macy's, Inc. in its Law Department office located at 611 Olive Street, St. Louis, Missouri. My practice is concentrated in the corporate structure and governance area. I have been employed as an attorney with the former The May Department Stores Company (acquired by Macy's, Inc. in 2005) and Macy's, Inc. since 1988. I currently hold the title of Vice President.

2. I am aware of the facts set forth below in paragraphs 3 and 4 because of my experience in Macy's, Inc. Law Department, and my job duties in the corporate structure and governance area.

[1] Incorrectly identified in the caption of the Complaint for Damages as "Defendant."

1

DECLARATION OF LINDA BALICKI IN SUPPORT OF DEFENDANT MACY'S WEST STORES, INC.'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446

Case3:10-cv-02790-JCS Document1 Filed06/25/10 Page8 of 44

3. The defendant in this action is Macy's West Stores, Inc. ("MWSI"). On May 21, 2010, the date on which Plaintiff Shokat Hamed filed her Complaint, MWSI was and remains incorporated under the laws of the State of Ohio.

4. On May 21, 2010, the date on which Plaintiff Shokat Hamed filed her Complaint, MWSI's principal place of business was and remains located in Cincinnati, Ohio. The officers and senior management who direct, control, and coordinate MWSI's activities do so from MWSI's Cincinnati, Ohio headquarters location. The corporation's two directors reside and work in Cincinnati, Ohio. In addition, over half of MWSI's twenty-six officers reside and work in Ohio. The officers located in Ohio include the President, Executive Vice President, Senior Vice President, and five of six Vice Presidents for MWSI (including MWSI's treasurer). Only two of MWSI's twenty-six officers work and reside in California. Thus, approximately 92% of MWSI's twenty-six officers reside and work outside of the state of California. All decisions with respect to the direction and management of MWSI are made in Ohio.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 16th day of June, 2010, at St. Louis, Missouri.

Linda Balicki

Linda Balicki

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2

DECLARATION OF LINDA BALICKI IN SUPPORT OF DEFENDANT MACY'S WEST STORES, INC.'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446

**Notice of Removal Exhibit B**

Case3:10-cv-02790-JCS Document1 Filed06/25/10 Page10 of 44

LAFAYETTE & KUMAGAI LLP
SUSAN T. KUMAGAI (State Bar No. 127667)
TATIANA SMALL (State Bar No. 259697)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant MACY'S WEST STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHOKAT HAMED,

Plaintiff,[1]

vs.

MACY'S WEST STORES, INC. and DOES 1-50,

Defendants.

Case No.

**DECLARATION OF JULIE AVINS IN SUPPORT OF DEFENDANT MACY'S WEST STORES, INC.'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446**

[Notice of Removal filed concurrently herewith.]

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

I, Julie Avins, hereby declare the following:

1. I am employed as Vice President, Associate Relations, for Macy's Corporate Services, Inc.

2. I have reviewed personnel records of Shokat Hamed, maintained in the ordinary course of business, which state the information set forth in paragraph 3.

3. Macy's West Stores, Inc. operates the San Mateo, California Macy's store at which Plaintiff Shokat Hamed was employed as a Sales Associate, earning $11.50 per hour and working approximately thirty (30) hours per week, at the time of the termination of her employment on or about November 4, 2010.

I declare under penalty of perjury under the laws of the State of California that the

[1] Incorrectly identified in the caption of the Complaint for Damages as "Defendant."

1

DECLARATION OF JULIE AVINS IN SUPPORT OF DEFENDANT MACY'S WEST STORES, INC.'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446

Case3:10-cv-02790-JCS Document1 Filed06/25/10 Page11 of 44

foregoing is true and correct.

Executed this 22 day of June, 2010, at Torrance, California.

Julie Avins

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2

DECLARATION OF JULIE AVINS IN SUPPORT OF DEFENDANT MACY'S WEST STORES, INC.'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446

**Notice of Removal Exhibit C**

Case3:10-cv-02790-JCS Document1 Filed06/25/10 Page13 of 44

LAFAYETTE & KUMAGAI LLP
SUSAN T. KUMAGAI (State Bar No. 127667)
TATIANA SMALL (State Bar No. 259697)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant MACY'S WEST STORES, INC.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHOKAT HAMED,

Plaintiff,[1]

vs.

MACY'S WEST STORES, INC. and DOES 1-50,

Defendants.

Case No.

**DECLARATION OF JOANN NELSON IN SUPPORT OF DEFENDANT MACY'S WEST STORES, INC.'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446**

[Notice of Removal filed concurrently herewith.]

I, JoAnn Nelson, hereby declare the following:

1. I am an attorney employed by Macy's, Inc. in its Law Department office located at 11 Penn Plaza, New York, New York. My title is Counsel. I have been employed as an attorney with Macy's, Inc. for three years.

2. The facts set forth in paragraphs 3 and 4 are known to me in my position as Counsel in the Macy's, Inc. Law Department.

3. In a letter dated May 14, 2010, addressed to Macy's, Inc., ATTN: Law Department/Kara L. Thompson, 219 Perimeter Center Parkway, NE - Suite 410, Atlanta, GA 30346, Plaintiff, through her attorney, Henry G. Wykowski, Esq. of Henry G. Wykowski & Associates in San Francisco, California, stated that she "would accept $450,000 . . . in order to

[1] Incorrectly identified in the caption of the Complaint for Damages as "Defendant."

1

DECLARATION OF JOANN NELSON IN SUPPORT OF MACY'S WEST STORES, INC.'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446

Case3:10-cv-02790-JCS Document1 Filed06/25/10 Page14 of 44

settle her claims." A copy of the letter is attached hereto as Exhibit 1.

4. Plaintiff Shokat Hamed served her Complaint for Damages on May 27, 2010.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 16th day of June, 2010, at New York, New York.

JoAnn Nelson

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2

DECLARATION OF JOANN NELSON IN SUPPORT OF MACY'S WEST STORES, INC.'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446

**Nelson Dec Exhibit 1**

HENRY G. WYKOWSKI
& ASSOCIATES
ATTORNEYS AT LAW

235 MONTGOMERY STREET, SUITE 657
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE: (415) 788-4545
FACSIMILE: (415) 788-4546

**FOR SETTLEMENT DISCUSSION PURPOSES ONLY**

May 14, 2010

**VIA E-MAIL**
Macy's Inc.
ATTN: Legal Department/ Kara L. Thompson
219 Perimeter Center Parkway,
NE - Suite 410
Atlanta, GA 30346

**Re: Shokat Hamed**

Dear Ms. Thompson,

Thank you for speaking with me about Ms. Shokat Hamed's claim.

It appears, however, that Macy's and my client are not of like mind at this time as to what would be fair compensation for all of the losses and distress she has suffered as a result of her termination by Macy's. Therefore, we have decided to proceed with filing Ms. Hamed's complaint in the San Francisco Superior Court.

In our initial letter to you, we had made a settlement demand "in the mid-six figures." You requested in our most recent conversation that we specify a more concrete number. In answer to your request, please be informed that our client would accept $450,000—an amount that is consistent with our "mid-six figures" parameter—in order to settle her claims with Macy's at this time.

It is my belief that if Macy's were to make a reasonable and good faith counteroffer in the next week (before her complaint is served), that Ms. Hamed would seriously entertain the counteroffer. However, if the litigation were to proceed past that point, settlement would become progressively more difficult.

Feel free to contact me should you have further questions.

Sincerely,

HENRY G. WYKOWSKI

HGW:cjw

cc: client

**Notice of Removal Exhibit D**

Henry G. Wykowski (State Bar No. 068255)
HENRY G. WYKOWSKI & ASSOCIATES
235 Montgomery Street, Suite 657
San Francisco, CA 94104
Telephone: (415) 788-4545
Facsimile: (415) 788-4546

Attorneys for Plaintiff
SHOKAT HAMED

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2010 MAY 21 AM 1:05

CLERK OF THE COURT
BY: ELIAS [illegible] DEPUTY CLERK

CASE MANAGEMENT CONFERENCE SET

OCT 2 2 2010 - 9:00 AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE CITY AND COUNTY OF SAN FRANCISCO

SHOKAT HAMED,

Defendant,

vs.

MACY'S WEST STORES, INC. and DOES 1-50,

Defendants.

No. CGC-10-500089

**COMPLAINT FOR DAMAGES**

1. FEHA- Discrimination Based on Physical Disability;
2. FEHA- Discrimination Based on Age;
3. FEHA- Discrimination Based on National Origin;
4. FEHA-Retaliation;
5. Violation of Public Policy.

Plaintiff SHOKAT HAMED through undersigned counsel complains against Defendants MACY'S WEST STORES, INC and DOES 1-50 and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff SHOKAT HAMED (hereinafter "Plaintiff") is an individual who, at all

times relevant hereto, resided in the County of San Mateo, State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant MACY'S WEST STORES, INC. (hereinafter "Macy's") is, and at all times relevant to this Complaint was, a corporation operating as a retail department store chain whose principle place of business in California is located in the City and County of San Francisco.

3. Plaintiff alleges that the true names and capacities, whether individual, corporate, association, or otherwise, of DOES 1-50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein designated a DOE is legally responsible in some manner for each of the happenings and events referred to herein, and legally caused injury and damages proximately thereby to Plaintiff as alleged. Plaintiff prays leave to amend the Complaint to state the true names, capacities, and identities of these DOE Defendants when ascertained.

4. Each Defendant is the agent, servant, and employee of each other Defendant, and with respect to all matters described in the Complaint, each Defendant was acting within the scope of such service, employment, and agency.

5. In or about 1990, Plaintiff first became employed at Macy's. Plaintiff initially was hired as a gift wrap assistant and at the time of her termination from Macy's, Plaintiff worked as a sales associate. During the time she was employed by Macy's, Plaintiff's performance was excellent and she was given numerous awards for outstanding performance.

6. Venue is proper in this Court because Defendant MACY'S WEST STORES INC.'S principle place of business in California is located in the City and County of San Francisco.

**FIRST CAUSE OF ACTION**
**Fair Employment Practices Act: Discrimination Based on Physical Disability/Medical Condition**
**(Against All Defendants)**

7. Plaintiff incorporates paragraphs 1-6, inclusive as though fully set forth herein.

8. Plaintiff suffered from chronic eye conditions including cataracts and macular degeneration. Accordingly, she was and is a member of a protected class pursuant to federal and California law.

9. This action is brought pursuant to the California Fair Employment and Practices Act, section 12940 of the Government Code, which prohibits discrimination against a person in the terms, conditions, or privileges of employment on the basis of the person's physical disability and/or medical condition, and the corresponding regulations of the California Fair Employment and Housing Commission.

10. In or about February 2010, Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (DFEH) naming Defendant Macy's. Plaintiff has received a Notice of Right to Sue from the DFEH. A true and correct copy of this Notice is attached to this Complaint as Exhibit "A" and incorporated by reference.

11. At all times mentioned in this Complaint, Defendant Macy's regularly employed five or more persons, bringing Defendant within the provisions of § 12940 *et. seq*. of the Government Code, prohibiting employers or their agents from discriminating against employees on the basis of physical disability.

12. Defendants Macy's and DOES 1-10 discriminated against Plaintiff on the basis of physical disability and/or medical condition in that, within weeks of plaintiff's disclosure to Defendants in August 2009 that she was experiencing symptoms of the aforementioned chronic

HENRY G. WYKOWSKI & ASSOCIATES
ATTORNEYS AT LAW

medical conditions, Defendants, and each of them, first denied Plaintiff a requested accommodation to a daytime work schedule and subsequently, terminated plaintiff's employment with Macy's.

13. Plaintiff believes and alleges that Plaintiff's physical disability and/or medical condition was a motivating reason for the discriminatory conduct of Defendants Macy's DOES 1-10, as set forth above.

14. The conduct of Defendants Macy's and DOES 1-10 as alleged constitutes an unlawful employment practice in violation of Government Code §§ 12940 *et seq*.

15. As a direct, foreseeable and proximate result of Defendants' discriminatory acts, Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount which will be proven at trial, but which exceeds this Court's jurisdictional limit. Furthermore, Plaintiff has, and will incur reasonable attorney's fees in attempting to secure her rights under the Act.

16. Defendants Macy's and DOES 1-10 committed the acts described in the Complaint oppressively, fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages in an amount sufficient to punish or make an example of Defendants Macy's and DOES 1-10.

## SECOND CAUSE OF ACTION
**Fair Employment Practices Act: Discrimination Based on Age**
**(Against All Defendants)**

17. Plaintiff incorporates paragraphs 1-16, inclusive, as though fully set forth herein.

18. At all times relevant, Plaintiff was over forty (40) years of age. Accordingly, she was and is a member of a protected class pursuant to California law.

HENRY G. WYKOWSKI & ASSOCIATES
ATTORNEYS AT LAW

19. This action is brought pursuant to the California Fair Employment and Practices Act, section 12940 of the Government Code, which prohibits discrimination against a person in the terms, conditions, or privileges of employment on the basis of the person's age, and the corresponding regulations of the California Fair Employment and Housing Commission.

20. In or about February 2010, Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (DFEH) naming Defendant Macy's. Plaintiff has received a Notice of Right to Sue from the DFEH. A true and correct copy of this Notice is attached to this Complaint as Exhibit "A" and incorporated by reference.

21. At all times mentioned in this Complaint, Defendant Macy's regularly employed five or more persons, bringing Defendant within the provisions of § 12940 *et. seq*. of the Government Code, prohibiting employers or their agents from discriminating against employees on the basis of age.

22. Defendants Macy's and DOES 1-10 discriminated against Plaintiff on the basis of age in that, despite Plaintiff's more than satisfactory work performance, Defendants, and each of them, terminated Plaintiff's employment with Macy's effective November 2009.

23. Plaintiff believes and alleges that her age was a motivating reason for the discriminatory conduct of Defendants Macy's and DOES 1-10, as set forth above.

25. Plaintiff is informed and believes and based on such information and belief alleges that after Plaintiff's termination, she was replaced in her job functions by one or more younger employees.

24. The conduct of Defendants Macy's and DOES 1-10 as alleged constitutes an unlawful employment practice in violation of Government Code §§ 12940 *et seq*.

25. As a direct, foreseeable and proximate result of Defendants' discriminatory acts,

HENRY G. WYKOWSKI & ASSOCIATES ATTORNEYS AT LAW

Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount which will be proven at trial, but which exceeds this Court's jurisdictional limit. Furthermore, Plaintiff has, and will incur reasonable attorney's fees in attempting to secure her rights under the Act.

26. Defendants Macy's and DOES 1-10 committed the acts described in the Complaint oppressively, fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages in an amount sufficient to punish or make an example of Defendants Macy's and DOES 1-10.

**THIRD CAUSE OF ACTION**
**Fair Employment Practices Act: Discrimination on the Basis of National Origin**
**(Against All Defendants)**

27. Plaintiff incorporates paragraphs 1-26, inclusive, as though fully set forth herein.

28. Plaintiff's national origin is Iranian and her native language is Farsi. Accordingly, she was and is a member of a protected class pursuant to federal and California law.

29. This action is brought pursuant to the California Fair Employment and Practices Act, section 12940 of the Government Code, which prohibits discrimination against a person in the terms, conditions, or privileges of employment on the basis of the person's national origin, and the corresponding regulations of the California Fair Employment and Housing Commission.

30. In or about February 2010, Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (DFEH) naming Defendant Macy's. Plaintiff has received a Notice of Right to Sue from the DFEH. A true and correct copy of this Notice is attached to this Complaint as Exhibit "A" and incorporated by reference.

31. At all times mentioned in this Complaint, Defendant Macy's regularly employed

HENRY G. WYKOWSKI & ASSOCIATES
ATTORNEYS AT LAW

five or more persons, bringing Defendant within the provisions of § 12940 *et. seq.* of the Government Code, prohibiting employers or their agents from discriminating against employees on the basis of national origin.

32. Defendants Macy's and DOES 1-10 discriminated against Plaintiff on the basis of national origin in that, Plaintiff's employment was terminated under circumstances where the employment of another employee, who was not of Plaintiff's national origin, would not have been terminated.

33. Plaintiff believes and alleges that Plaintiff's national origin was a motivating reason for the discriminatory conduct of Defendants Macy's DOES 1-10, as set forth above.

34. The conduct of Defendants Macy's and DOES 1-10 as alleged constitutes an unlawful employment practice in violation of Government Code §§ 12940 *et seq.*

35. As a direct, foreseeable and proximate result of Defendants' discriminatory acts, Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount which will be proven at trial, but which exceeds this Court's jurisdictional limit. Furthermore, Plaintiff has, and will incur reasonable attorney's fees in attempting to secure her rights under the Act.

36. Defendants Macy's and DOES 1-10 committed the acts described in the Complaint oppressively, fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages in an amount sufficient to punish or make an example of Defendants Macy's and DOES 1-10.

**FOURTH CAUSE OF ACTION**

HENRY G. WYKOWSKI & ASSOCIATES
ATTORNEYS AT LAW

**Fair Employment Practices Act: Retaliation for Requesting Medical Leave or Accommodation (Against All Defendants)**

37. Plaintiff incorporates paragraphs 1-36, inclusive, as though fully set forth herein.

38. This action is brought pursuant to the California Family Rights Act (CFRA), which was enacted as part of the California Fair Employment and Housing Act, section 12945.2 of the Government Code, which prohibits discrimination and/or retaliation against a person in the terms, conditions, or privileges of employment on the basis of the person's having taken medical leave or having exercised any right under the CFRA, and the corresponding regulations of the California Fair Employment and Housing Commission.

39. In or about February, Plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (DFEH) naming Defendant Macy's. Plaintiff has received a Notice of Right to Sue from the DFEH. A true and correct copy of this Notice is attached to this Complaint as Exhibit "A" and incorporated by reference.

40. At all times mentioned in this Complaint, Defendant Macy's regularly employed fifty or more persons in total at all locations, bringing Defendant within the provisions of § 12945.2 *et. seq.* of the Government Code, prohibiting employers or their agents from discriminating and/or retaliating against employees on the basis of their having taken medical leave or having exercised any right under the CFRA.

41. At all times relevant, Plaintiff was an employee of Macy's eligible to take CFRA medical leave or accommodation. In or about early August, 2009, and continuing until her termination in November 2009, Plaintiff exercised her right to take leave or request accommodation for a qualifying CFRA purpose.

42. On or about November 4, 2009, Plaintiff received notification that her application

HENRY G. WYKOWSKI & ASSOCIATES ATTORNEYS AT LAW

for medical accommodation had been approved. However, at or about the same time period, Plaintiff was informed by Macy's that her employment was being terminated effective immediately.

43. Plaintiff believes and alleges that her exercise of her right to take CFRA medical leave or accommodation was a motivating reason for the discriminatory/retaliatory conduct of Defendants, as set forth above.

44. As a direct, foreseeable and proximate result of Defendants' discriminatory/ retaliatory acts, Plaintiff has suffered substantial losses in earnings and job benefits, and has suffered humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount which will be proven at trial, but which exceeds this Court's jurisdictional limit. Furthermore, Plaintiff has, and will incur reasonable attorney's fees in attempting to secure her rights under the Act.

45. Defendants, and each of them, committed the acts described in the Complaint oppressively, fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages in an amount sufficient to punish or make an example of Defendants.

**FIFTH CAUSE OF ACTION**
**Violation of Public Policy**
**(Against All Defendants)**

46. Plaintiff incorporates by reference paragraphs 1-45, inclusive, as though fully set forth herein.

47. Plaintiff's termination was wrongful because it was in violation of the public policy of the State of California in that Plaintiff's termination was due to either/a combination of (a) Plaintiff's disability; (b) Plaintiff's age; (c) Plaintiff's national origin; and/or (d) in retaliation

for Plaintiff's exercise of her protected right to take medical leave/accommodation pursuant to CFRA.

48. Plaintiff's termination was in violation of the public policy expressed both in the California Constitution Article I, section 8 that prohibits discrimination against employees, and in the sections of the Government Code that specifically prohibit illegal discrimination and retaliation against an employee for exercising his/her rights under the CFRA.

49. As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, physical, mental and emotional distress, and discomfort, and expenses arising therefrom, all to Plaintiffs' damage in an amount which will be proven at trial, but which exceeds this Court's jurisdictional limit. Furthermore, Plaintiff has and will incur reasonable attorney's fees in attempting to secure her rights as set forth above.

50. Defendants committed the acts described in the Complaint oppressively, fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages in an amount sufficient to punish or make an example of Defendants, and each of them.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For compensatory damages;
4. For punitive and exemplary damages;
5. For prejudgment interest on all amounts claimed;

6. For reasonable attorneys' fees;

7. For costs of suit; and

8. For such other and further relief as the Court deems proper.

Dated: May 19, 2010

HENRY G. WYKOWSKI & ASSOCIATES

By: ______________________

Henry G. Wykowski
Attorneys for Plaintiff
Shokat Hamed

# EXHIBIT A

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY ARNOLD SCHWARZENEGGER, Governor

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2973
www.dfeh.ca.gov

February 02, 2010

RE: E200910A5327-00
HAMED/MACY'S

**NOTICE TO COMPLAINANT'S ATTORNEY**

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

Allan Pederson
District Administrator

Enclosure: Complaint of Discrimination
Notice of Case Closure

DFEH-200-06 (01/08)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2973
www.dfeh.ca.gov

February 02, 2010

HAMED, SHOKAT
C/O WYKOWSKI & ASSOCIATES, 235 MONTGOMERY ST, #657
SAN FRANCISCO, CA 94104

RE: E200910A5327-00
HAMED/MACY'S

Dear HAMED, SHOKAT:

**NOTICE OF CASE CLOSURE**

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 02, 2010 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Case3:10-cv-02790-JCS Document1 Filed06/25/10 Page33 of 44

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson

Allan Pederson
District Administrator

cc: Case File

TINA GOODIN
HUMAN RESOURCES MANAGER
MACY'S
115 HILLSDALE MALL
SAN MATEO, CA 94403

DFEH-200-43 (06/06)

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200910A5327-00
DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.): HAMED, SHOKAT
TELEPHONE NUMBER (INCLUDE AREA CODE): (415)788-4545

ADDRESS: C/O WYKOWSKI & ASSOCIATES, 235 MONTGOMERY ST, #657

CITY/STATE/ZIP: SAN FRANCISCO, CA 94104
COUNTY: SAN FRANCISCO
COUNTY CODE: 075

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME: MACY'S
TELEPHONE NUMBER (Include Area Code): (650)341-3333

ADDRESS: 115 HILLSDALE MALL
DFEH USE ONLY

CITY/STATE/ZIP: SAN MATEO, CA 94403
COUNTY: SAN MATEO
COUNTY CODE: 081

NO. OF EMPLOYEES/MEMBERS (if known): 150+
DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year): 11/04/2009
RESPONDENT CODE: 00

THE PARTICULARS ARE:

I allege that on about or before 11/04/2009 , the following conduct occurred:

- X termination
- ___ laid off
- ___ demotion
- ___ harassment
- ___ genetic characteristics testing
- ___ constructive discharge (forced to quit)
- ___ impermissible non-job-related inquiry
- ___ denial of employment
- ___ denial of promotion
- ___ denial of transfer
- X denial of accommodation
- ___ failure to prevent discrimination or retaliation
- X retaliation
- ___ other (specify) ________
- X denial of family or medical leave
- ___ denial of pregnancy leave
- ___ denieal of equal pay
- ___ denial of right to wear pants
- ___ denial of pregnancy accommodation

by MACY'S

Name of Person | Job Title (supervisor/manager/personnel director/etc.)

because of :

- ___ sex
- X age
- ___ religion
- ___ race/color
- X national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- X disability (physical or mental)
- ___ medical condition (cancer or generic chracteristic
- X other (specify) Retaliation-requesting medical leave or accom.
- ___ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination

I AM SEVENTY-SIX YEARS OLD AND HAD BEEN EMPLOYED AT MACY'S FOR NEARLY FIFTEEN YEARS. MY POSITION WAS SALES ASSOCIATE AND I HAD AN EXCELLENT PERFORMANCE RECORD.

IN OR ABOUT AUGUST 2009, WHEN I DISCLOSED A DISABLING MEDICAL CONDITION AFFECTING MY VISION, AND REQUESTED AN ACCOMMODATION IN MY WORK SCHEDULE, I WAS DENIED THE REQUESTED ACCOMMODATION WITHOUT ADEQUATE REASON AND WAS TOLD THAT IF I DID NOT CONTINUE TO

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 02/02/2010

At San Francisco

DATE FILED: 02/02/2010

* * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200910A5327-00
DFEH USE ONLY

State of what you believe to be the reason(s) for discrimination

I AM SEVENTY-SIX YEARS OLD AND HAD BEEN EMPLOYED AT MACY'S FOR NEARLY FIFTEEN YEARS. MY POSITION WAS SALES ASSOCIATE AND I HAD AN EXCELLENT PERFORMANCE RECORD.

IN OR ABOUT AUGUST 2009, WHEN I DISCLOSED A DISABLING MEDICAL CONDITION AFFECTING MY VISION, AND REQUESTED AN ACCOMMODATION IN MY WORK SCHEDULE, I WAS DENIED THE REQUESTED ACCOMMODATION WITHOUT ADEQUATE REASON AND WAS TOLD THAT IF I DID NOT CONTINUE TO WORK THE SAME SCHEDULE, THE ONLY OPTIONS WOULD BE DEMOTION; GOING ON DISABILITY; OR FORCED RETIREMENT.

THEN, IN SEPTEMBER 2009, MY DOCTOR ADVISED THAT I REQUIRED CATARACT SURGERY. I REQUESTED TO USE SICK TIME FOR THIS SURGERY, BUT I WAS TOLD THAT I MUST INSTEAD BE CHARGED VACATION TIME. THEREAFTER, I APPLIED FOR TEMPORARY MODIFICATION OF MY WORK HOURS TO ACCOMMODATE MY RECOVERY PERIOD.

WHILE THE APPLICATION WAS PENDING, ON OCTOBER 27, 2009, WITHOUT WARNING, I WAS LED TO MACY'S SECURITY OFFICE. THE SECURITY OFFICER ADVISED ME THAT I WAS BEING SUSPENDED FROM MY POSITION, OSTENSIBLY FOR IMPROPERLY APPLYING AN 11% DISCOUNT COUPON TO A $20 CUSTOMER PURCHASE.

ON NOVEMBER 4, 2009, I RECEIVED NOTIFICATION THAT MY APPLICATION FOR AN ACCOMMODATION HAD BEEN APPROVED BY MACY'S FAMILY MEDICAL ASSISTANCE PROGRAM. HOWEVER, THAT SAME DAY, HUMAN RESOURCES MANAGER TINA GOODIN INFORMED ME THAT MY EMPLOYMENT WAS BEING TERMINATED IMMEDIATELY. THE REASON GIVEN WAS THAT I HAD IMPROPERLY APPLIED THE 11% DISCOUNT TO SEVERAL OF MY CUSTOMERS' PURCHASES. I TRIED TO EXPLAIN THAT I WAS UNAWARE I WAS MAKING ANY MISTAKE, AND THAT MY INTENTION WAS ONLY TO DELIVER THE EXCELLENT CUSTOMER SERVICE THAT MACY'S ALWAYS EMPHASIZES.

I BELIEVE THAT MACY'S STATED REASON FOR MY TERMINATION WAS A PRETEXT AND THAT ONE OR MORE DISCRIMINATORY BASES WERE REAL MOTIVATING REASONS FOR MY TERMINATION. AGE, DISABILITY, AND RETALIATION FOR REQUESTING MEDICAL LEAVE ARE SELF-EVIDENT FROM THE ABOVE FACTS. IN ADDITION, I BELIEVE NATIONAL ORIGIN DISCRIMINATION MAY HAVE PLAYED A ROLE AS WELL. I BELIEVE MACY'S FELT THAT BECAUSE I WAS BORN OUTSIDE THIS COUNTRY (IN THE MIDDLE EAST), I WOULD NOT HAVE THE LANGUAGE ABILITY, THE FORTITUDE, AND THE RESOURCES TO SUCCESSFULLY PROTEST AND REDRESS MY WRONGFUL TERMINATION.

**Notice of Removal Exhibit E**

Case3:10-cv-02790-JCS Document1 Filed06/25/10 Page37 of 44

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

MACY'S WEST STORES, INC. and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

SHOKAT HAMED

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* CGC-10-500089

400 McAllister St.
San Francisco, CA, 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Henry G. Wykowski, Esq., 235 Montgomery St., Suite 657, San Francisco, CA 94104

DATE: ~~May 19, 2010~~ MAY 21 2010 CLERK OF THE COURT Clerk, by ______ , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: MACY'S WEST STORES, INC.

   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**Notice of Removal Exhibit F**

LAFAYETTE & KUMAGAI LLP
SUSAN T. KUMAGAI (State Bar No. 127667)
TATIANA SMALL (State Bar No. 259697)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant MACY'S WEST STORES, INC.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

SUPERIOR COURT OF CALIFORNIA

THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SHOKAT HAMED,<br><br>Plaintiff,[1]<br><br>vs.<br><br>MACY'S WEST STORES, INC. and DOES 1-50,<br><br>Defendants. | Case No. CGC-10-500089<br><br>Complaint Filed: May 21, 2010<br><br>**ANSWER OF DEFENDANT MACY'S WEST STORES, INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |

Defendant MACY'S WEST STORES, INC. ("Defendant") hereby answers the Complaint for Damages ("Complaint") of Plaintiff SHOKAT HAMED ("Plaintiff"), as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally each, all, and every allegation contained in the Complaint, and further denies that Plaintiff has sustained any harm, injury, damage, or loss in any amount or manner whatsoever by reason of any act or omission of Defendant, or any agent, employee, or other person acting under Defendant's authority or control. Defendant denies that Plaintiff is entitled to any legal or equitable relief in any amount or manner whatsoever from Defendant.

[1] Incorrectly identified in the caption of the Complaint for Damages as "Defendant."

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**DEFENSES**

As separate and distinct defenses to the Complaint, and each purported cause of action therein, Defendant alleges as follows:

**FIRST DEFENSE**

1. As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action against Defendant, and fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2. As a separate and distinct defense, Defendant alleges that any recovery to which Plaintiff might be entitled (and Defendant does not admit that Plaintiff is entitled to any recovery) must be reduced by reason of Plaintiff's failure and/or refusal to exercise reasonable diligence to mitigate her damages.

**THIRD DEFENSE**

3. As a separate and distinct defense, Defendant alleges that Plaintiff was an at-will employee pursuant to California Labor Code section 2922, and thus her employment could be terminated at-will.

**FOURTH DEFENSE**

4. As a separate and distinct defense, Defendant alleges, without admitting to the existence of any duties or obligations as alleged in the Complaint, that any duty or obligation, contractual or otherwise, which Plaintiff claims is owed by Defendant has been fully performed, satisfied, or discharged.

**FIFTH DEFENSE**

5. As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

SIXTH DEFENSE

6. As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that Defendant engaged in any of the acts alleged, Defendant alleges that any conduct attributed to Defendant or Defendant's employees by Plaintiff was justified, made in good faith, for legitimate, non-discriminatory and non-retaliatory reasons, was protected by the managerial privilege and/or was otherwise privileged.

SEVENTH DEFENSE

7. As a separate and distinct defense, Defendant alleges that, at all times relevant, Defendant acted in good faith and has not violated any rights Plaintiff may have under federal, state, or local laws, rules, regulations, or guidelines.

EIGHTH DEFENSE

8. As a separate and distinct defense, Defendant alleges that, at all times relevant, notwithstanding Plaintiff's allegations of discrimination and/or retaliation, Defendant would have taken the disputed personnel actions anyway.

NINTH DEFENSE

9. As a separate and distinct defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because Plaintiff has failed to allege the requisite causal connection between the alleged protected activities and the alleged adverse employment action.

TENTH DEFENSE

10. As a separate and distinct defense, Defendant alleges that Defendant had, at all relevant times, an anti-discrimination/retaliation policy.

ELEVENTH DEFENSE

11. As a separate and distinct defense, Defendant alleges that Plaintiff failed to exhaust appropriate administrative remedies with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

**TWELFTH DEFENSE**

12. As a separate and distinct defense, Defendant alleges provisionally and conditionally that if Plaintiff suffered any damages, such damages were proximately or legally caused by the negligence of Plaintiff, or of parties other than Defendant, and, accordingly, any award must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiff and of parties other than Defendant, including both economic and non-economic damages.

**THIRTEENTH DEFENSE**

13. As a separate and distinct defense, Defendant alleges that the Complaint is barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.* in that: (1) the injuries complained of occurred when Plaintiff and Defendant were subject to California Labor Code sections 3600-3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to her employment and was acting within the course and scope of her employment; and (3) Plaintiff alleges that the injuries were caused by her employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

**FOURTEENTH DEFENSE**

14. As a separate and distinct defense, Defendant is informed and believes that the Complaint, and each purported cause of action therein, or some of them, are barred by the doctrine of estoppel.

**FIFTEENTH DEFENSE**

15. As a separate and distinct defense, Defendant alleges that Plaintiff is not entitled to recover any punitive damages because the imposition of such damages constitutes a violation of Defendant's rights under the United States and/or California Constitutions.

**SIXTEENTH DEFENSE**

16. As a separate and distinct defense, Plaintiff is not entitled to recover any punitive damages because the provisions of California law allowing for the award of punitive damages and the substantive rules, procedures, and standards for determining whether or not to award

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

them, and, if so, in what amount, violate Defendant's rights to due process and/or equal protection under the law, under the United States and/or California Constitutions.

**SEVENTEENTH DEFENSE**

17. As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for purposes of filing such additional defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

a. The Complaint be dismissed in its entirety with prejudice;

b. Plaintiff take nothing by way of her Complaint;

c. Defendant be awarded judgment in its favor and against Plaintiff;

d. Defendant recover its costs of suit and attorneys' fees incurred herein; and

e. The Court grant Defendant such other and further relief as it deems just and proper.

DATED: June 25, 2010

LAFAYETTE & KUMAGAI LLP

SUSAN T. KUMAGAI
Attorneys for Defendant
MACY'S WEST STORES, INC.

\Pldg\answer.DOC

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**PROOF OF SERVICE**

I declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105

On June 25, 2010, I served the document named below on the parties in this action as follows:

**ANSWER OF DEFENDANT MACY'S WEST STORES, INC.TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

X (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

____ (BY PERSONAL SERVICE) I personally served each document listed above on the addressee (s) noted below.

____ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

____ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

Henry G. Wykowski, Esq.
HENRY G. WYKOWSKI & ASSOCIATES
235 Montgomery Street, Suite 657
San Francisco, CA 94104
Telephone: (415) 788-4545
Facsimile: (415) 788-4546

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 25, 2010, at San Francisco, California.

[signature]
Linda L. Rich

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605