LAFAYETTE & KUMAGAI LLP
SUSAN T. KUMAGAI (State Bar No. 127667)
Email: skumagai@lkclaw.com
TATIANA SMALL (State Bar No. 259697)
Email: tsmall@lkclaw.com
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

BETTY TIERNEY, *PRO HAC VICE*
JOANN NELSON, *PRO HAC VICE*
MACY'S INC. LAW DEPARTMENT
611 Olive Street, 10th Floor
St. Louis, Missouri 63101
Telephone:   (314) 342-6512
Facsimile:    (314) 342-6384
Email: JoAnn.Nelson@macys.com
EMAIL: Betty.Tierney@macys.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOKAT HAMED,<br><br>     Plaintiff,<br><br>vs.<br><br>MACY'S WEST STORES, INC., and DOES 1-50,<br><br>     Defendants. | Case No. CV10-2790 JCS<br><br>**DEFENDANT MACY'S WEST STORES, INC.'S TRIAL BRIEF**<br><br>Pretrial conference:  July 7, 2011<br>Time:                         2:00 p.m.<br>Courtroom:              G, 15th Floor<br><br>Magistrate Judge: Hon. Joseph C. Spero<br><br>Trial date:           July 18, 2011<br>Complaint filed: May 21, 2010 |

## I. INTRODUCTION

The two issues remaining to be decided by a jury in this action relate to Plaintiff Shokat Hamed's ("Plaintiff" or "Hamed") allegations that Defendant Macy's West Stores, Inc. ("Defendant" or "Macy's" or the "Company") violated the Fair Employment & Housing Act ("FEHA") by failing to provide her with a reasonable accommodation for an alleged night vision problem and by terminating her employment based on her age.[1]

Plaintiff will be unable to meet her ultimate burden of establishing intentional discrimination based on her age. A Loss Prevention investigation, which includes documentary and videotape evidence, revealed that Plaintiff was providing customers with an out-of-town 11% Visitor's Coupon discount in connection with their opening of credit accounts – a direct violation of Macy's policy and conduct for which the Company deems termination of employment to be appropriate. Plaintiff admitted the conduct to Loss Prevention, albeit her self-serving explanation was that she did it one time and only to satisfy an angry customer. The documentary and videotape evidence belies her claim. Plaintiff provided multiple customers with multiple discounts. In accord with Macy's practice, the Company terminated Plaintiff's employment.

Plaintiff will be unable to prove her claim that Macy's failed to reasonably accommodate her night vision problem. The Company provided Plaintiff with the only accommodations she ever requested – a modification of her work schedule so that she would not work until closing and a subsequent request to work no later than 5:00 p.m.

## II. STATEMENT OF FACTS

Plaintiff Shokat Hamed was an employee at Macy's Hillsdale mall location in San Mateo, California, from 1990 to November 2009.[2] In May of 2009, she was a full-time sales associate in the Young Men's department.

### A. Plaintiff's Termination.

Plaintiff's supervisor, Helen Morales, received complaints from co-workers that Plaintiff

---

[1] Plaintiff has a related claim for termination in violation of public policy.

[2] Plaintiff had a break in service from 1994 to August 1995.

DEFENDANTS MACY'S WEST STORES, INC.'S TRIAL BRIEF (CV10-2790 JCS)     1

was not doing share of the department's "go-backs" (merchandise returned to the selling floor). Morales personally observed that Plaintiff was not performing this job duty to the level expected of a sales associate. When Morales asked Plaintiff if she wanted to transfer from the Young Men's department to Men's Basics (a department with less voluminous merchandise returns to the selling floor – and, a department managed by Morales), Plaintiff alleges that Morales said words to the effect of: "Let the young people do the job." Morales denies having made such a comment.

Plaintiff agreed to the transfer and completed the required form. On October 11, 2009, Plaintiff transferred from the Young Men's department to an open position in Men's Basics.

Based on information provided by at least one sales associate that Plaintiff may have been providing customers with unauthorized discounts, and based on Morales's observations that coupons were found at the registers, she held on a department meeting on October 11, 2009, and reiterated the policies to the sales associates. Plaintiff attended this meeting. Subsequent to that meeting, a sales associate told Morales that Plaintiff had provided a discount to a customer. Morales, in accord with Macy's policy, advised Loss Prevention.

Loss Prevention Manager Joseph Dunnam ("Dunnam") investigated. Among other things, Dunnam retrieved videotape, which showed Plaintiff giving discounts to several customers through the use of a coupon pulled from her pocket and/or from under the register counter. Dunnam also reviewed cash register receipts that were consistent with the times recorded on the videotape. He discovered that, for several of the transactions, Plaintiff would begin to ring a sale, void the sale, have the customer complete a credit application, and then rering the merchandise with an 11% Visitor's Coupon discount.

After completing his investigation, Dunnam interviewed Plaintiff on October 27, 2009. Plaintiff admitted that she gave a customer the discount. Dunnam suspended Plaintiff on that day.

Human Resources Manager Christina Goodin ("Goodin") reviewed the Loss Prevention investigation file. Based on the documentary and videotape evidence and Macy's practice, Goodin recommended the termination of Plaintiff's employment to her manager, District Director

of Human Resources Brenda Moore. Goodin reviewed the evidence with Moore. Moore approved the termination.

Goodin met with Plaintiff on November 4, 2009, to discuss the result of the Loss Prevention investigation. Plaintiff did not provide Goodin with a plausible explanation for her conduct or with information that warranted additional investigation. Goodin terminated Plaintiff's employment on that day.

### B. Reasonable Accommodation.

Sometime prior to July 15, 2009, Plaintiff told her supervisor, Helen Morales, that she did not want to work until closing because she had difficulty driving at night. Morales advised Plaintiff to switch schedules with a coworker whenever she was scheduled until closing. Morales also told Plaintiff that if she was unable to switch schedules, she should simply report for an earlier shift. Morales also advised Plaintiff that she should provide a doctor's note to Human Resources. On July 15, 2009, Human Resource Manager Goodin found a note from Plaintiff's doctor under the door of the office. The note stated that Plaintiff had trouble driving at night, but did not seek any specific accommodation. In response, Goodin spoke with Morales, who advised that she had been accommodating Plaintiff by not requiring her to work a closing shift. Goodin also reviewed Hamed's clockings to confirm the information provided by Morales. Goodin heard nothing further from Hamed in regard to any issue or problem in connection with Morales's accommodation.

In September 2009, Plaintiff provided Human Resources with a letter dated September 15, 2009, from her doctor that requested a 10 day leave from September 19 to September 29, 2009. Macy's granted the requested leave. Plaintiff returned to work on September 30, 2009.

In October 2009, Plaintiff requested a new accommodation to her schedule. She did not want to work past 5:00 p.m. Goodin met with Plaintiff to explain that she could use intermittent FMLA leave for any day that she was scheduled to work past 5:00 p.m. Sometime after that meeting, Plaintiff and her daughter came into the store and asked Goodin to explain the FMLA process again. Thereafter, Plaintiff provided a Certification of Health Care Provider form signed by her doctor on October 20, 2009. Macy's approved intermittent FMLA leave from October 20,

2009, to October 19, 2010.

### III.   LEGAL ISSUES

#### A.   Age Discrimination.

##### 1.   Elements of Age Discrimination.

To establish a prime facie cause of action under FEHA for age discrimination, plaintiff must provide evidence: that (1) she was a member of a protected class, (2) she was qualified for the position she sought or was performing competently in the position she held, (3) she suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance exists to suggest discriminatory motive. (California Government Code § 12941; *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 354 (2000); *Hersant v. Department of Social Services*, 57 Cal.App.4th 997, 1003 (1997).)

Once the plaintiff has established a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. (*St. Mary's Honor Center v. Hicks,* 113 S.Ct. 2742 (2001), 2746-47; *Lam v. University of Hawaii,* 40 F.3d 1551, 1559 (9th Cir. 1994).) If the defendant meets this burden, the plaintiff must demonstrate that the employer's reason for the employment decision was not the proffered reason and that it was a pretext for another motive which was discriminatory. (*Guz* at 356.) It is not enough for plaintiff to show that defendant's employment decision was wrong or mistaken. Plaintiff must prove that discriminatory animus based on her age motivated the employment decision. (*Hersant* at 1005.) "The ultimate burden of persuasion on the issue of actual discrimination remains with the plaintiff." (*Guz* at 354-356.)

##### 2.   Defendant Had Legitimate Business Reasons To Terminate Plaintiff – She Violated Company Policy.

Violation of company policy constitutes a legitimate business reason for termination. (*See Wills v. Superior Court* (Cal.App. 2011) WL 1386767; *Dumas v. New United Motor Mfg., Inc.* (9th Cir. 2008) 305 Fed.Appx. 445, 448 ("Plaintiff was terminated for legitimate business reasons - violation of company policy requiring written permission for extended leaves of absence").

Macy's 11% Visitor's Coupon discount policy states: "Only those customers who present

a Visitor Services savings pass/card are to receive a discount. These savings passes are not to be kept at the registers and never offered to customers by associates on the selling floor or at point of sale ("POS"). Sales associates are not allowed to refer a customer to the Gift Wrap department, or disclose the visitor savings pass or card at POS, unless the customer specifically inquires about the visitor discount."

Improper handling of coupons is a violation of associate Standards of Conduct and may result in disciplinary action up to and including termination. This policy is set forth clearly in the associate handbook. In addition, on October 11, 2009, Morales held a department meeting to reinforce to employees that they were required to follow the coupon policy. It was determined during the Loss Prevention investigation that Plaintiff violated the coupon policy several times after this meeting.

Macy's will present evidence at trial that 33 employees were terminated in the years 2005 through 2009 for violating coupon policies – 24 employees (73%) were under 40 years of age. Of the 10 terminations that occurred after Goodin became Human Resources Manager for the Hillsdale store, 6 employees (60%) were under 40 years of age. An employee who was terminated for the exact same coupon violation as Hamed (the out-of-town Visitor's Coupon discount) was 25 years old.

In addition, Plaintiff is seen on videotape giving the unauthorized discounts to customers. She is seen removing the coupon from her pocket or from under a register counter – another violation of the policy because the coupon must be presented to the sales associate by the customer. Plaintiff admitted that she provided these discounts to entice customers to open credit accounts. Plaintiff benefited directly from her conduct. Macy's provides monetary and nonmonetary rewards to sales associates for opening credit accounts. In addition, a sales associate's performance review considers credit openings. Further, each time Hamed gave an unauthorized discount to a customer, she caused a financial loss to the Company.

Macy's legitimately terminated Plaintiff for violation of the Company's coupon policies. Plaintiff's age played no part in that decision and she has no evidence that anyone who violated the same or similar policy was treated better or differently. She has no evidence of age animus.

### 3. Plaintiff Cannot Show Pretext.

Plaintiff must produce specific "*substantial evidence*" demonstrating that defendant's reason for her termination was not the proffered reason and that it was a pretext for another motive which was discriminatory. (Emphasis added.) (*Hicks v. KNTV Television, Inc.*, (2008) 160 Cal.App. 4th 994, 1103; *Hersant*, 57 Cal.App.4th at 1005; *Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 807. *See, e.g., Guz*, 24 Cal.4th at 362 (judgment appropriate where "given the strength of the employer's showing of innocent reasons, any countervailing circumstantial evidence of discriminatory motive" is "too weak to raise a rational inference that discrimination occurred."). *See also Reeves v. Sanderson Plumbing Products, Inc.* (2000) 530 U.S. 133, 148 (plaintiff creates only a weak issue of fact as to whether employer's reason was untrue and there is "abundant and uncontroverted independent evidence that no discrimination had occurred").)

Pretext may be demonstrated by showing "... that the proffered reason had no basis in fact, the proffered reason did not actually motivate the discharge, or, the proffered reason was insufficient to motivate discharge." (*Hanson v. Lucky Stores, Inc.*, supra, 74 Cal.App.4th at 224, 87 Cal.Rptr.2d 487, fn. Omitted [Citation Omitted].)

Whether the employer's decision to terminate was wrong, imprudent, or mistaken is not the issue. *Hersant, supra,* 57 Cal.App.4th at 1005. *See also, Guz, supra,* 24 Cal.4th at 358 ("[T]he ultimate issue is simply whether the employer acted with a motive to discriminate illegally"; *Guz,* 24 Cal.4th at 360 (no inference of discrimination from evidence employer lied because laws "do not prohibit lying, they prohibit discrimination.").

Plaintiff alleges that Morales and Goodin made age related comments that demonstrate Macy's discriminatory animus. Morales is alleged to have stated to Hamed that she only wanted young men to work in the Young Men's department. Even if, *arguendo*, Morales made the purported comment, it was nothing more than a stray remark relating to her transfer to Men's Basics. A stray remark with no other evidence is not enough to prove discriminatory animus. (*Reid v. Google, Inc.*, 50 Cal.4th 512, 541 (2010).) Moreover, the employee handbook requires employees to report activity suspected of causing a loss to the Company to Loss Prevention.

That is exactly what Morales did based on the complaints she was receiving from Hamed's co-workers. There is no evidence that Morales's report to Loss Prevention was based on anything other than her desire to perform her job duties and properly respond to a concern raised to her by others.

Plaintiff further alleges that Goodin asked Hamed how old she was and if she considered retiring. Goodin denies making these comments in their entirety. Further, Goodin had no involvement in reporting Plaintiff to Loss Prevention; she simply made a recommendation to her manager based on the results of the investigation presented to her.

### B. Plaintiff's Wrongful Termination In Violation of Public Policy Claim Is Based on Allegations Raised for Her Age Discrimination.

The tort claim of wrongful termination is based on the premise that "[a]n employer may not discharge an at will employee for a reason that violates fundamental public policy." (*Stevenson v. Superior Court of Los Angeles* (1997) 16 Cal. 4th 880, 887 (emphasis added).) Because Plaintiff's claim for age discrimination will fail, her claim for wrongful termination in violation of public policy will fail as well. (*See Nelson v. United Techs.*, 74 Cal.App. 4th 597, 613, n.4 (1999).)

### C. Plaintiff Was Provided Reasonable Accommodation.

FEHA requires employers to make reasonable accommodation for the known disabilities of employees to enable them to perform the essential functions of their position, unless doing so would produce undue hardship to the employer's operations. (Cal. Gov't Code § 12940(m).) FEHA does not obligate an employer to choose the "best" accommodation or the specific accommodation the employee seeks. Instead, the law requires only that the accommodation be "reasonable." (*Hanson v. Lucky Stores, Inc.* (1999) 74 Cal.App.4th 215, 228; *Raine v. City of Burbank* (2006) 135 Cal.App.4th 1215, 1222-1223.)

Macy's reasonably accommodated Plaintiff by allowing her to swap her schedule with other employees. If Plaintiff could not find a coworker with whom to switch schedules, Morales told Plaintiff to report for an earlier shift. Morales's accommodation is evidenced by Plaintiff's time records, which demonstrate that the latest Plaintiff worked in the late spring and early

DEFENDANTS MACY'S WEST STORES, INC.'S TRIAL BRIEF (CV10-2790 JCS)     7

summer months was between 5:12 p.m. and 7:18 p.m.

In October 2009, Plaintiff requested a new accommodation – she did not want to work past 5:00 p.m. Macy's granted Hamed intermittent FMLA leave in response to that request.

Plaintiff's claim that Macy's failed to provide her with a reasonable accommodation is meritless. Macy's clearly modified Plaintiff's work schedule by first not requiring her to work a closing shift and then by approving intermittent FMLA leave when she made a subsequent request not to work past 5:00 p.m.

Macy's is not liable to Hamed in this action and should prevail at trial.

Dated: June 17, 2011

LAFAYETTE & KUMAGAI LLP

 /s/ Susan T. Kumagai
SUSAN T. KUMAGAI
Attorneys for Defendant
MACY'S WEST STORES, INC.

Trial\Trial Brief\FINAL Trial Brief.doc

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on June 17, 2011, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

                         */s/ Susan T. Kumagai*
                         SUSAN T. KUMAGAI

Trial\Trial Brief\FINAL Trial Brief.DOC

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605