1  Henry G. Wykowski (State Bar No. 068255)
   **HENRY G. WYKOWSKI & ASSOCIATES**
2  235 Montgomery Street, Suite 657
   San Francisco, CA 94104
3  Telephone:  (415) 788-4545
   Facsimile:  (415) 788-4546
4
   *Attorneys for Plaintiff*
5  SHOKAT HAMED

6

7
                    **UNITED STATES DISTRICT COURT**
8
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9

10                                        | **No.  CV 10-2790 JCS**
   SHOKAT HAMED,                          |
11                                        | **PLAINTIFF'S MEMORANDUM OF**
                                          | **LAW IN SUPPORT OF PLAINTIFF'S**
12              Plaintiff,                 | **DISPUTED JURY INSTRUCTIONS**

13              v.

14  MACY'S WEST STORES, INC. and DOES     | Complaint Filed:  May 21, 2010
    1-50,                                 | Trial Date:       July 18, 2011
15                                        | Pre-Trial Conf:   July 7, 2011

16              Defendants.               | **THE HON. JOSEPH C. SPERO**

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

1

1

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 3: CAUSATION - SUBSTANTIAL**
**FACTOR**

2

3
A substantial factor in causing harm is a factor that a reasonable person would consider to

4
have contributed to the harm. It must be more than a remote or trivial factor. It does not have to

5
be the only cause of the harm.

6

7

8
**I.      REASONS FOR GIVING THIS PROPOSED JURY INSTRUCTION**

9
This proposed instruction <u>is</u> CACI 430, taken verbatim.  It is necessary because the

10
Stipulated Instruction preceding it, CACI 2500 (Elements of FEHA), lists as an element "that the

11
termination was a <u>substantial factor</u> in causing the harm."  Whether something was a "substantial

12
factor" is a notoriously difficult concept for jurors to grasp without guidance.  This instruction

13
provides the jurors with the needed guidance in an objective manner, that has been approved by

14
the Judicial Council of California.

15

16
Defendant has no real reason to oppose this instruction other than a possible desire to "trip

17
up" the jurors on the concept of "substantial factor".

18

19

20

21

22

23

24

25

26

27

28

Henry G.
Wykowski &
Associates
Attorneys at Law

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 4: INTENT TO DISCRIMINATE**

Direct evidence of discriminatory intent rarely can be demonstrated in employment discrimination lawsuits. A person is presumed to intend the ordinary consequences of his voluntary act. Discrimination may take place in subtle or elusive ways. Usually there is no evidence of open and notorious discrimination, or even slurs or remarks. Discriminatory motive and intent, however, may be established indirectly through circumstantial evidence. It can be determined from conduct, words or acts. State of mind is very difficult to show by direct proof. It must usually be inferred from the surrounding facts and circumstances. Therefore, it is not necessary that a Plaintiff produce witnesses who heard a Defendant say that he had a discriminatory motive in his or her conduct toward Plaintiff.

## I.      REASONS FOR GIVING THIS PROPOSED JURY INSTRUCTION

"Federal and California courts have acknowledged the difficulty of proving intentional discrimination: 'Proving intentional discrimination can be difficult because "[t]here will seldom be 'eyewitness' testimony as to the employer's mental processes." ... It is rare for a plaintiff to be able to produce direct evidence or "smoking gun" evidence of discrimination...' [Ellipses in original.] *Arteaga v. Brinks, Inc.*, 163 Cal.App.4[th] 327, 342.

Many jurors come into a discrimination trial believing that they should see Perry Mason-style drama and literal "smoking gun" evidence that discrimination caused the termination. They expect defendant's witness to admit on the stand, "Yes; I said let's fire her because I hate all Martians…" (or something equivalent).

The proposed instruction is necessary in order to dispel the notion that such "smoking gun" evidence is needed, and that the jurors have to search diligently to see whether there were more *subtle*, *indirect* signs of a discriminatory motivation.

Henry G.
Wykowski &
Associates
Attorneys at Law

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

3

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7: EMPLOYER DUTY TO ACCOMMODATE DISABLED**

Reasonable accommodation means that employers have an affirmative duty to accommodate disabled workers. It is an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition. If a supervisor has acquired knowledge of the need for reasonable accommodation, there is a duty for the supervisor to communicate to that need to the employer. This duty arises even if the employee has not requested any accommodation. Furthermore, once an employer is aware of an employee's disability, work restrictions, or accommodation, the employer is under a "continuing duty" to accommodate that is not exhausted by one effort. Once the employee gives notice that the accommodation is no longer effective, or if this fact is readily apparent to the employer, the interactive process is re-triggered.

## I.   REASONS TO GIVE THIS INSTRUCTION

The employer's "duty to accommodate" disabled workers is likely a concept that jurors are encountering for the first time at the trial of this action.  This description of the contours of the "duty to accommodate" is necessary for the jurors to understand what is expected of the employer and to provide standards for arriving at a reasoned verdict on the disability discrimination claim. In addition, it is necessary because it introduces jurors to the concept of *the interactive process*, which is one of the employer duties that properly falls under the broader duty to accommodate.

There is much case law in both California and federal courts that approves this concept:

"The Supreme Court of Washington, in interpreting a statute and regulation similar to

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

4

HENRY G. WYKOWSKI & ASSOCIATES
ATTORNEYS AT LAW

California Government Code section 12940, subdivision (k),[3] held that "The duty of an employer reasonably to accommodate an employee's handicap does not arise until the employer is 'aware of respondent's disability and physical limitations.' [Citations.] The employee bears the burden of giving the employer notice of the disability. [Citation.] This notice then triggers the employer's burden to take 'positive steps' to accommodate the employee's limitations.... [¶] ... The employee, of course, retains a duty to cooperate with the employer's efforts by explaining [his or] her disability and qualifications. [Citation.] Reasonable accommodation thus envisions an exchange between employer and employee where each seeks and shares information to achieve the best match between the employee's capabilities and available positions." (*Goodman v. Boeing Co.* (1995) 127 Wash.2d 401, 899 P.2d 1265, 1269–1270.)

The court in *Goodman* cited with approval *Curtis v. Security Bank* (1993) 69 Wash.App. 12, 847 P.2d 507 and *Dean v. Municipality of Metro. Seattle* (1985) 104 Wash.2d 627, 708 P.2d 393. *Dean* held that under Washington state discrimination law, an employer has a duty to take affirmative steps to make known **150 to the disabled employee other job opportunities within the company and to determine whether the employee is qualified for those positions. (708 P.2d at p. 400.) *Curtis* held that an employee who was laid off after she developed arthritis in her hips made out a prima facie case of handicap discrimination even though she did not apply for open positions with the employer bank because "Her failure to seek the open positions can be attributed to the Bank's failure to inform her that future jobs would involve teller work. The Bank's duty to accommodate required it to inform Ms. Curtis that future jobs might involve teller work, perform capabilities testing on the open positions, encourage her to apply for the vacant positions she could perform, and affirmatively assist her in applying for those positions." (847 P.2d at pp. 511–512.)

In light of the foregoing, and consistent with the interpretation of the concept of reasonable accommodation under the FEHA as set out in section 7293.9 of title 2 of the California Code of Regulations, we conclude that an employer who knows of the disability of an employee has an affirmative duty to make known to the employee other suitable job opportunities with *951 the employer and to determine whether the employee is interested in, and qualified for, those positions, if the employer can do so without undue hardship or if the employer offers similar assistance or benefit to other disabled or nondisabled employees or has a policy of offering such assistance or benefit to any other employees. Such a duty is also consistent with the provisions of Government Code section 12940, subdivision (a), which, with specified exceptions, provides in pertinent part that it is an unlawful employment practice for an employer, because of the physical disability or medical condition of any person, "to discriminate against the person in compensation or in terms, conditions or privileges of employment."" *Prilliman v. United Airlines, Inc.*, 53 Cal.App.4th 935, 949-950 (1997)

"The law and its regulations make clear that the term "reasonable accommodation" is to be interpreted flexibly. The regulations provide a non-exhaustive list of

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

Henry G.
Wykowski &
Associates
Attorneys at Law

5

1  accommodations that includes not only making premises accessible but also "[j]ob
2  restructuring, assignment or transfer, [and] part-time or modified work schedules...."
   Cal.Code Reg. § 7293.9. The law and the regulations clearly contemplate not only
3  that employers remove obstacles that are in the way of the progress of the disabled,
   but that they actively re-structure their way of doing business in order to
4  accommodate the needs of their disabled employees." *Sargent v. Litton Systems, Inc.*,
   841 F.Supp. 956, 961 (N.D.Cal. 1994)
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

1

2

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 11: INFERENCE OF BIAS FROM AN EMPLOYER'S SHIFTING REASONS FOR TAKING AN ADVERSE EMPLOYMENT ACTION AGAINST AN EMPLOYEE**

3

4

5

6

You may infer that discrimination or retaliation was a motivating factor for Shokat Hamed's termination by Macy's if you find that Macy's changed its account of the reasons for or the circumstances surrounding Shokat Hamed's termination.

7

8

**I.        REASONS FOR GIVING THIS INSTRUCTION**

9

10

11

12

13

"Pretext", in the employment law context, is an extremely counterintuitive concept.  In this case, the stated reason for Shokat Hamed's termination was that she allegedly violated Macy's coupon policy and gave "unauthorized discounts" to customers.  The instinct of many jurors would be to assume that this trial works like a criminal trial:  If Ms. Hamed committed the act, then she is "guilty" and she should lose the case.

14

15

16

17

18

19

However, that is *not* how pretext works under the law.  There are varied ways to properly demonstrate "pretext" in the context of an employment discrimination trial, and it is crucial that the jurors be adequately informed of the different ways to show pretext that are applicable to the facts of this case.  "Shifting reasons" or explanations given by Macy's is one court-approved way to show pretext, and the jurors should be informed that one way they may infer discrimination is if Macy's engaged in this conduct.

20

21

22

23

In *Payne v. Norwest Corp.,* 113 F.3d 1079, 1080 (9th Cir., 1997), the Court stated: "A rational trier of fact could find that the employer's varying reasons shows that the stated reason was pretextual, for one who tells the truth need not recite different versions of the supposedly same event."

24

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

7

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

1

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 12: INFERENCE OF BIAS FROM AN EMPLOYER'S FAILURE TO FOLLOW ITS OWN POLICIES AND PROCEDURES**

2

3   You may infer that discrimination was a motivating reason if you find Macy's failed to

4   follow its own policies and procedures during the process that led to the termination of Shokat

5   Hamed.

6

7

8   **I.      REASONS FOR GIVING THIS INSTRUCTION**

9   "Pretext", in the employment law context, is an extremely counterintuitive concept.  In

10  this case, the stated reason for Shokat Hamed's termination was that she allegedly violated

11  Macy's coupon policy and gave "unauthorized discounts" to customers.  The instinct of many

12  jurors would be to assume that this trial works like a criminal trial:  If Ms. Hamed committed the

13  act, then she is "guilty" and she should lose the case.

14  However, that is *not* how pretext works under the law.  There are varied ways to properly

15  demonstrate "pretext" in the context of an employment discrimination trial, and it is crucial that

16  the jurors be adequately informed of the different ways to show pretext that are applicable to the

17  facts of this case.  Showing that a company failed to follow its own polies and procedures during

18  the investigation and termination process is one court-approved way to show pretext, and the

19  jurors should be informed that one way they may infer discrimination is if Macy's engaged in this

20

21  conduct.  As explained recently by Judge Ishii of the Eastern District of California:

22

23      "Fourth, the failure of a company to follow its own policies may show pretext or an
        improper motive. *See Porter v. California Dept. of Corrections,* 419 F.3d 885, 896
24      (9th Cir.2005); *see also Trustees of Cal. State Univ. v. Public Emp't Relations Bd.,* 6
        Cal.App.4th 1107, 1124, 8 Cal.Rptr.2d 60 (1992). There is no dispute that Mitri's
25      conduct did not justify immediate termination. *See* PUMF 98. However, contrary to
        Walgreens's progressive disciplinary system, it does not appear that Mitri was given a
26      formal verbal warning or a formal written warning about clocking in early/staying
        late prior to the Final Written Warning.[17] *See* PUMF 101; Scalzitti Dep. Ex. 51. It is
27      true that the progressive disciplinary system is not a contract of employment with

28

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

8

1   employees. Nevertheless, the system is part of a formal written Walgreens policy, and
2   that policy states that the progressive system should be used when immediate
    termination is not justified. *See* Scalzitti Depo. Ex. 51. Instead of following the
3   intermediate steps with Mitri, Walgreens bypassed steps and went directly to a final
    written warning. Further, the Final Written Warning was issued less than one month
4   after Mitri's first complaint about IOU labels in April 2009. The timing of the Final
    Written Warning in relation to Mitri's complaints, the apparent failure of Walgreens
5   to follow its progressive disciplinary policy, and the use of the Final Written Warning
    to justify Mitri's termination (again after Mitri made complaints concerning IOU
6   labels) is significant." *Mitri v. Walgreen Co., Inc.,* 2011 WL 2181387 (E.D.CA.
    June 3, 2011)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

9

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 13: INFERENCE OF BIAS FROM BEING TREATED WORSE THAN OTHER SIMILARLY SITUATED CO-WORKERS**

You may infer that discrimination was a motivating factor for Macy's termination of Shokat Hamed if you find that she was treated worse than similarly situated employees.

An employee is "similarly situated" to another if they have the same supervisor, or are subject to the same policies and procedures, or engage in the same conduct; but do not have to be identically situated. The critical question is whether Shokat Hamed and the other employee are similarly situated in "all material aspects."

## I.   REASONS FOR GIVING THIS INSTRUCTION

"Pretext", in the employment law context, is an extremely counterintuitive concept. In this case, the stated reason for Shokat Hamed's termination was that she allegedly violated Macy's coupon policy and gave "unauthorized discounts" to customers. The instinct of many jurors would be to assume that this trial works like a criminal trial: If Ms. Hamed committed the act, then she is "guilty" and she should lose the case.

However, that is *not* how pretext works under the law. There are varied ways to properly demonstrate "pretext" in the context of an employment discrimination trial, and it is crucial that the jurors be adequately informed of the different ways to show pretext that are applicable to the facts of this case. Showing that Plaintiff was treated differently than other similarly-situated (not the same as "identically situated") coworkers is one court-approved way to show pretext, and the jurors should be informed that one way they may infer discrimination is if Macy's engaged in this conduct. As stated by Judge Chen:

> "Indeed, in another recent opinion, *Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654 (9th Cir.2002), the Ninth Circuit cited approvingly the Second Circuit's

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

10

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

*McGuinness* opinion as "explaining [the] minimal showing necessary to establish co-workers were similarly situated." *Id.* at 660. In *McGuinness,* the Second Circuit expressly rejected the district court's conclusion on summary judgment that "another employee cannot be similarly situated to a plaintiff unless the other employee had the same supervisor, worked under the same standards, and engaged in the same conduct." *McGuinness,* 263 F.3d at 53. The court emphasized that an employee "must be similarly situated in all *material* respects-not in *all* respects." *Id.* (emphasis in original). It further explained that,where a plaintiff seeks to establish the minimal prima facie case by making reference to the disparate treatment of other employees, those employees must have a situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination." *Bowden v. Potter,* 308 F.Supp.2d 1108, 1117 (N.D. Cal. 2004) (quoting *McGuinness v. Lincoln Hall* (2nd Cir. 2001) 263 F.3d 49, 53)

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 14: INFERENCE OF DISCRIMINATION MAY BE DRAWN FROM FALSITY OF EMPLOYER'S PROFFERED EXPLANATION OF TERMINATION**

It may be reasonably be inferred from the falsity of the explanation for termination that the employer is covering up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the fact finder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt."

**I.      REASONS FOR GIVING THIS INSTRUCTION**

"Pretext", in the employment law context, is an extremely counterintuitive concept. However, that is *not* how pretext works under the law.  There are varied ways to properly demonstrate "pretext" in the context of an employment discrimination trial, and it is crucial that the jurors be adequately informed of the different ways to show pretext that are applicable to the facts of this case.  In this case, the stated reason for Shokat Hamed's termination was that she allegedly violated Macy's coupon policy and gave "unauthorized discounts" to customers.  If this reason was shown to be untruthful, that fact, either alone or in combination with other evidence, would properly permit the jury to infer that the termination was a pretext for discrimination. Showing that Defendant gave a false explanation for the termination is one court-approved way to show pretext, and the jurors should be informed that one way they may infer discrimination is if Macy's engaged in this conduct.  As stated by the Supreme Court:

> "Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. See *id.,* at 517, 113 S.Ct. 2742 ("[P]roving the employer's reason false becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination"). In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

12

party's dishonesty about a material fact as "affirmative evidence of guilt." *Wright v. West,* 505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992); see also *Wilson v. United States,* 162 U.S. 613, 620-621, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); 2 J. Wigmore, Evidence § 278(2), p. 133 (J. Chadbourn rev. 1979). Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision. Cf. *Furnco Constr. Corp. v. \*148 Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978) ("[W]hen all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts with *some* reason, based his decision on an impermissible consideration"). Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147-148 (2000)

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

13

1

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 15: BIAS AT ANY STAGE CAN INFECT THE ULTIMATE DECISION.**

2

3    You may infer that bias, at any stage in Macy's decision-making process regarding Shokat

4    Hamed's termination, may have tainted the ultimate decision.

5

6

7    **I.     REASONS FOR GIVING THIS INSTRUCTION**

8    This instruction states the "cat's paw" doctrine, which is now the law in California and all

9    federal courts since the Supreme Court decision earlier this year in *Staub v. Procter Hospital*.

10   Plaintiff has reason to believe that at some point at trial, Macy's will attempt to argue that it is not

11   necessarily responsible for discriminatory actions or motives of Hamed's supervisor, Helen

12   Morales, either because "other people investigated the case" or because "she was not the ultimate

13   decisionmaker".  This instruction is necessary in order to make clear that Macy's is responsible if

14   there is *any* "weak link in the chain".

15

16       *DeJung v. Superior Court* 169 Cal.App.4th 533, 87 (2008), Cal.Rptr.3d 99 ("All but
17       one of the federal circuits have adopted the "cat's paw" principle, as have the
         California courts.; *Morgan v. Regents of the Univ. of Cal.*, 88 Cal.App.4th 52, 105
18       (2002), Cal.Rptr.2d 652 "in the context of the academic tenure system, in which
         decisions and recommendations made in earlier levels of review may be available to
19       decision makers at subsequent levels, it clearly makes sense to acknowledge that the
         final decision may be influenced by the discriminatory intent of individuals playing a
20       role at any point in the decision making process."

21

22

23

24

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 16: DEFINITION AND MEANS OF SHOWING PRETEXT**

Macy's claims that the reason it took adverse employment action against Shokat Hamed (reporting her to loss prevention for investigation and then terminating her employment) was because she violated Macy's rules regarding the use of coupons.  One of the questions you must decide is whether this claimed reason was, in whole or in part, a "pretext", rather than the "real" reason Macy's terminated her employment.

In deciding this question, please keep in mind that "pretext" can mean one of several things.  First, it can mean that the reason Macy's gave was had no basis in fact; in other words that Shokat Hamed did not violate the coupon policy.  Second, it can mean that Shokat Hamed violated the coupon policy, but that was not the real reason she was reported to loss prevention and then terminated.  Third, it can mean that Shokat Hamed violated the coupon policy but that was not a strong enough reason, by itself, to be the only reason for her being reported and then terminated.

If you find one or more of these three meanings to be true in this case, then you must find that Shokat Hamed's termination was a "pretext" and therefore, that it was motivated by discriminatory reasons.


## I.      REASONS FOR GIVING THIS INSTRUCTION

"Pretext", in the employment law context, is an extremely counterintuitive concept.  However, that is *not* how pretext works under the law.  There are varied ways to properly demonstrate "pretext" in the context of an employment discrimination trial, and it is crucial that the jurors be adequately informed of the different ways to show pretext that are applicable to the

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

15

facts of this case.

The quoted language from *Hanson v. Lucky Stores* goes *part* of the way towards explaining the different varieties of "pretext", but it still uses language that is too abstract for jurors to comprehend and apply, by themselves, to the "real world" facts of the case. Thus, this instruction is carefully tailored to the specific facts of this case in a way that gets to the heart of the issues the jurors will have to decide. It also is carefully crafted in a manner that incorporates correct legal standards for FEHA liability, taken from CACI 2500, i.e., the "motivating reason" standard).

> *Hanson v. Lucky Stores, Inc.,* 74 Cal.App.4th 215, 224 (1999). (Pretext may be demonstrated by showing "... that the proffered reason had no basis in fact, the proffered reason did not actually motivate the discharge, or, the proffered reason was insufficient to motivate discharge. [Citation.]".)

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

16

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 24: ADVERSE INFERENCE
BASED ON FAILURE TO PROVIDE REQUESTED DISCOVERY**

Jorge Aguilar, Raquel Echevarria and Marco Wu are not present at trial because Macy's failed to provide their contact information to Plaintiff.

You are instructed to find that had they been present at trial, their testimony would have been adverse to Macy's.

## I.     REASONS WHY THIS INSTRUCTION SHOULD BE GIVEN

These individuals are all former Macy's employees who are material witnesses in this case because Macy's claims they all complained to Hamed's supervisor about her performance. Plaintiff requested the contact information for these individuals by Special Interrogatories to Macy's on January 28, 2011.  When Macy's responded to the interrogatories, it did not supply the contact information but merely said that it would supply the information at a later date.  Plaintiff's counsel has issued periodic reminders that it needed this missing information, but Macy's still did not provide it.

Finally, on June 16, 2011, *after* Plaintiff's counsel had already drafted this "adverse inference" instruction as a remedy for Macy's failure to produce this basic information and submitted it with the draft instructions, Macy's counsel provided the information.

Macy's will claim "no harm no foul" as a justification for its delay tactics.  However, that remains to be seen.  Plaintiff's counsel will now *try* to contact these witnesses, interview them, and ensure their appearance at trial.  However, it may be too late.  Regardless, the Court should not countenance Macy's gamesmanship in discovery.  The witness' memories may well have faded during the time Macy's delayed.  Moreover, Plaintiff's counsel notes that the six-month delay would have given Macy's the *opportunity* to attempt to influence the "recollection" of these

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

17

witnesses (although Plaintiff's counsel has no information that this actually occurred and does not

intend to impugn the ethics of any officer of the Court).

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

18

Henry G.
Wykowski &
Associates
Attorneys at Law

**STIPULATED INSTRUCTION NO. 6 [DEFENDANT DOES <u>NOT</u> STIPULATE TO BRACKETED PORTION]: "REASONABLE ACCOMODATION" EXPLAINED**

A reasonable accommodation is a reasonable change to the workplace that:

1. allows an employee with a disability to perform the essential duties of the job; OR

2. [allows an employee with a disability to enjoy the same benefits and privileges of employment that are available to employees without disabilities.]

Reasonable accommodations may include the following:

1. Making the workplace readily accessible to and usable by employees with disabilities;

2. Changing job responsibilities or work schedules;

3. Reassigning the employee to a vacant position;

4. Providing other similar accommodations for an individual with a disability.

If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith.

## I.     REASONS WHY THIS INSTRUCTION SHOULD BE GIVEN (IN FULL)

The full instruction, including the bracketed portion which Defendant disputes, is taken <u>directly</u> from CACI 2542. The bracketed portion is absolutely necessary because it accurately describes the facts at hand in this case. Macy's denied Shokat Hamed the reasonable accommodation of a schedule change. Even without the schedule change, Hamed was was able to perform her "essential job functions"—*provided she was able to commute to and from work.*

The right to be able to travel to and from work is, most accurately, a "benefit and privilege" of employment, rather than an "essential job function". That was the whole gist of the Court's opinion in *Livingston v. Fred Meyer Stores, Inc.*, 2010 WL 2853172 (9th Cir. 2010),

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

19

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

1  which this Court cited and quoted in denying Defendant's motion for summary judgment on

2  failure to accommodate.  "[The defendant] had a duty to accommodate [plaintiff's] inability to

3  finish her scheduled shift, even though her disability did not affect her ability to function

4  effectively as a wine steward." *Id.*  The *Livingston* court rejected the contention that the duty to

5  accommodate an employee's night vision problem does not extend to "commute-related

6

7  limitations." *Id.*

8         Moreover, Plaintiff is expected to testify that sometimes, the only way to convince her

9  coworkers to switch shifts with her was to give them pocket money to buy dinner.  Certainly, the

10  right *not to have to bribe your coworkers* must be considered a "benefit and privilege" of

11  employment.  Defendant's objection to tat portion of the CACI-endorsed instruction has no merit

12  whatsoever.

13

14

15

16  Dated:    June 17, 2011

                                  HENRY G. WYKOWSKI & ASSOCIATES

17

18

19                               By:   /s/ Henry G. Wykowski
                                       Henry G. Wykowski
20                                     *Attorneys for Plaintiff*
                                       SHOKAT HAMED

21

22

23

24

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

20

1

2

**CERTIFICATE OF SERVICE**

3

     I certify that of copy of the above document was served electronically on June 17, 2011 on

4

counsel of record in compliance with Federal Rule of Civil Procedure 5 and the local rules of the
Northern District, by use of the Court's ECF system.

5

6

                            /s/ Henry G. Wykowski
                            Henry G. Wykowski

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DISPUTED INSTRUCTIONS
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*