Henry G. Wykowski (State Bar No. 068255)
**HENRY G. WYKOWSKI & ASSOCIATES**
235 Montgomery Street, Suite 657
San Francisco, CA 94104
Telephone: (415) 788-4545
Facsimile: (415) 788-4546

*Attorneys for Plaintiff*
SHOKAT HAMED

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOKAT HAMED,<br><br>        Plaintiff,<br><br>v.<br><br>MACY'S WEST STORES, INC. and DOES 1-50,<br><br>        Defendants. | No. CV 10-2790 JCS<br><br>**PLAINTIFF SHOKAT HAMED'S TRIAL BRIEF ON CONTROLLING ISSUES OF LAW**<br><br>Complaint Filed: May 21, 2010<br>Trial Date: July 18, 2011<br>Pre-Trial Conf: July 7, 2011<br><br>**THE HON. JOSEPH C. SPERO** |

Plaintiff Shokat Hamed, pursuant to the Pretrial Order (Jury) of this Court, submits her trial brief on the controlling issues of law. The parties, substance of the claims, relief sought and facts to be tried are outlined in the parties Proposed Final Pretrial Order, the accompanying jury instructions, and the motions in limine.

### I. AGE DISCRIMINATION IN VIOLATION OF CALIFORNIA'S FEHA

Plaintiff Shokat Hamed alleges that Macy's discriminated against her based upon her age in violation of California's FEHA by terminating her employment. California Government Code

HENRY G. WYKOWSKI & ASSOCIATES
ATTORNEYS AT LAW

PLAINTIFF SHOKAT HAMED'S TRIAL BRIEF ON CONTROLLING ISSUES OF LAW
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

1

section 12940(a) provides that it is an unlawful employment practice:

> "[f]or an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

"[W]hether or not a plaintiff has met her prima facie burden [under *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792] and whether or not the defendant has rebutted the plaintiff's prima facie showing, are questions of law for the trial court, not questions of fact for the jury." *Caldwell v. Paramount Unified School Dist.* (1995) 41 Cal.App.4th 189, 201. "[If] the case is submitted to the trier of fact, the intermediate burdens set forth in *McDonnell Douglas* will fall away, and the fact finder will have only to decide the ultimate issue of whether the employer's discriminatory intent was a motivating factor in the adverse employment decision." *Id*. at 205.

The theory of disparate treatment is the most easily understood type of discrimination, as the employer simply treats the employee less favorably than others because of that employee's race, religion, sex, color or national origin. *Mixon v. Fair Employment and Housing Com*. 192 Cal.App.3d 1306, 1317 (1987). Though a plaintiff does not need to show that discriminatory animus was the sole motivating factor behind an adverse employment action, the plaintiff must show by a preponderance of the evidence that there was a "causal connection" between the employee's protected status and the adverse employment action. *Id.* at 1319. Here, Plaintiff has prevailed on summary judgment on this issue, and therefore, under the standards and laws of California, a determination of whether age discrimination was a "motivating reason" for Shokat Hamed's termination is submitted to the jury. The theories and evidence in support of Shokat Hamed's age

PLAINTIFF SHOKAT HAMED'S TRIAL BRIEF ON CONTROLLING ISSUES OF LAW
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

2

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

discrimination allegation are more fully set out in the Final Pretrial Order, the accompanying jury instructions and motions in limine, and will be presented fully at trial.

## II. FAILURE TO PROVIDE REASONABLE ACCOMODATION IN VIOLATION OF CALIFORNIA'S FEHA

Plaintiff Shokat Hamed alleges that Defendant Macy's violated California's FEHA by failing to provide a reasonable accommodation for her impaired night vision, which limited her ability to commute to and from work.

California Government Code section 12940(m) provides that it is an unlawful employment practice:

> "[f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee. Nothing in this subdivision or in . . . subdivision (a) shall be construed to require an accommodation that is demonstrated by the employer or other covered entity to produce undue hardship to its operation."

California Government Code section 12926.1(c) provides, in part:

> "[T]he Legislature has determined that the definitions of 'physical disability' and 'mental disability' under the law of this state require a 'limitation' upon a major life activity, but do not require, as does the Americans with Disabilities Act of 1990, a 'substantial limitation.' This distinction is intended to result in broader coverage under the law of this state than under that federal act. Under the law of this state, whether a condition limits a major life activity shall be determined without respect to any mitigating measures, unless the mitigating measure itself limits a major life activity, regardless of federal law under the Americans with Disabilities Act of 1990. Further, under the law of this state, 'working' is a major life activity, regardless of whether the actual or perceived working limitation implicates a particular employment or a class or broad range of employments."

"Employers must make reasonable accommodations to the disability of an individual unless the employer can demonstrate that doing so would impose an 'undue hardship'" *Avila v. Continental Airlines, Inc.* 165 Cal.App.4th 1237, 1252 (2008). The plaintiff bears the burden of proving the

PLAINTIFF SHOKAT HAMED'S TRIAL BRIEF ON CONTROLLING ISSUES OF LAW
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

3

ability of the employee to perform essential functions of a job with an accommodation. *Nadaf-Rahrov v.The Neiman Marcus Group, Inc.* 166 Cal.App.4th 952, 978 (2008). "[T]he duty of an employer to provide reasonable accommodation for an employee with a disability is broader under the FEHA than under the ADA." *Bagatti v. Dept. of Rehabilitation*, 97 Cal.App.4th 344, 362 (2002), 118 Cal.Rptr.2d 443. Ordinarily, the reasonableness of an accommodation is an issue for the jury to determine. *Prillman v. United Airlines, Inc.* 53 Cal.App.4th 935, 954 (1997).

Having prevailed on summary judgment as to this issue, and, under the law of California, the question of whether Macy's provided Shokat Hamed with a reasonable accommodation is submitted to the jury for determination. The theories and evidence in support of Shokat Hamed's failure to accommodate allegation are more fully set out in the Final Pretrial Order, the accompanying jury instructions and motions in limine, and will be presented fully at trial.

### III. WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

Plaintiff Shokat Hamed alleges that Defendant Macy's wrongfully discharged her in violation of the public policy of the state of California. Plaintiff has alleged that Macy's violated this public policy by terminating her employment on the basis of Plaintiff's age.

"[W]hile an at-will employee may be terminated for no reason, or for an arbitrary or irrational reason, there can be no right to terminate for an unlawful reason or a purpose that contravenes fundamental public policy. Any other conclusion would sanction lawlessness, which courts by their very nature are bound to oppose." *Casella v. SouthWest Dealer Services. Inc.*, 157 Cal.App.4th 1127, 1138-1139 (2007). "[W]hen an employer's discharge of an employee violates fundamental principles public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atlantic Richfield Co.*, 27

PLAINTIFF SHOKAT HAMED'S TRIAL BRIEF ON CONTROLLING ISSUES OF LAW
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

4

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

Cal.3d 167, 170 (1980). "[T]his court establishes a set of requirements that a policy must satisfy to support a tortious discharge claim. First, the policy must be supported by either constitutional or statutory provisions. Second, the policy must be 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual. Third, the policy must have been articulated at the time of the discharge. Fourth, the policy must be 'fundamental' and 'substantial.; " *Stevenson v. Superior Court*, 16 Cal.4th. 880, 889-890 (1997).

Here, Plaintiff has prevailed on summary judgment on this issue, and therefore, under the standards and laws of California, a determination of whether Shokat Hamed's termination was in violation of public policy is a question for the jury to determine. The theories and evidence in support of Shokat Hamed's allegation of a violation of public policy are more fully set out in the Final Pretrial Order, the accompanying jury instructions and motions in limine, and will be presented fully at trial.

Dated: June 17, 2011                    HENRY G. WYKOWSKI & ASSOCIATES


By: /s/ Henry G. Wykowski
    Henry G. Wykowski
    *Attorneys for Plaintiff*
    SHOKAT HAMED

PLAINTIFF SHOKAT HAMED'S TRIAL BRIEF ON CONTROLLING ISSUES OF LAW
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

5

**CERTIFICATE OF SERVICE**

    I certify that of copy of the above document was served electronically on June 17, 2011 on counsel of record in compliance with Federal Rule of Civil Procedure 5 and the local rules of the Northern District, by use of the Court's ECF system.

    /s/ Henry G. Wykowski
    Henry G. Wykowski

PLAINTIFF SHOKAT HAMED'S TRIAL BRIEF ON CONTROLLING ISSUES OF LAW
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G. WYKOWSKI & ASSOCIATES
ATTORNEYS AT LAW