Henry G. Wykowski (State Bar No. 068255)
**HENRY G. WYKOWSKI & ASSOCIATES**
235 Montgomery Street, Suite 657
San Francisco, CA 94104
Telephone: (415) 788-4545
Facsimile: (415) 788-4546

*Attorneys for Plaintiff*
SHOKAT HAMED

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOKAT HAMED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MACY'S WEST STORES, INC. and DOES 1-50,<br><br>　　　　Defendants. | No. CV 10-2790 JCS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1**<br><br>Complaint Filed:　May 21, 2010<br>Trial Date:　　　　July 18, 2011<br>Pre-Trial Conf:　　July 7, 2011<br><br>**HON. JOSEPH C. SPERO** |

## I.　INTRODUCTION

Defendant's motion, styled a motion to "exclude Plaintiff from testifying about the conduct of individuals who she refused and/or failed to name" seeks relief that is severely overbroad, unsupported by the record of the events that took place, and unauthorized by any rule of law.

In reality, Plaintiff is using this motion in limine to circumvent its obligations to make a clear written record, to meet and confer on issues of contention, to propound appropriate follow-

PLAINTIFF OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

1

up discovery, and, if necessary, to bring a timely motion to compel. None of these things were ever done by Macy's and the net result is that if this motion to compel were to be granted, it would unfairly hamstring *the Plaintiff* from getting her honest story before the jury.

## II. ARGUMENT

### a. Other Employees Who Gave the 11% Visitor Discount

*In sharp contrast to the other two issues*, here there is some record that Plaintiff did object on privacy grounds at deposition to revealing the names of coworkers who gave the 11% coupon to customers in connection with credit card accounts. (Ms. Hamed appeared to feel strongly that she did not want to bring any trouble to her former coworkers.)

There is no showing Macy's ever met and conferred on this issue, and Macy's certainly never propounded follow-up written discovery seeking the names, and they never brought a motion to compel during the discovery period.

The remedy Defendant seeks on this issue is overbroad. Plaintiff should be allowed to testify at trial as she did at her deposition—that she is aware of other associates who gave the 11% discount (but without giving the names of those associates). Defendant's counsel can then argue to the jury that she has provided no names to support her testimony that others gave the coupon.

Before the pretrial conference, Plaintiff's counsel will again ask Ms. Hamed if she is willing to reveal the names of the associates who gave the 11% coupon (if she can remember the names, which is questionable). If she is now willing and able to reveal names, she would do so; Macy's would be able to do its "investigation" prior to trial; all parties would be able to testify

PLAINTIFF OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

2

fully at trial; and there would be no reason for any relief in limine.[1]

### b. Coworkers Who Switched Schedules with Hamed

Here, a reading of the deposition testimony (attached to Tatiana Small Decl.) shows that in reality, there is *no legal basis* to grant any relief because Plaintiff's counsel *never* objected to revealing the names of these coworkers, and Ms. Hamed testified simply that "right now I don't remember the names."

Furthermore, after Ms. Hamed's deposition, Macy's had every opportunity to propound a follow-up interrogatory requesting any names that Ms. Hamed didn't recall during the deposition. *Macy's neglected to propound the requisite follow-up discovery.* (See Depo, p. 103.)

Under these circumstances, Macy's cannot seek to shift the blame for its own discovery omissions through the artifice of an evidence preclusion sanction. The record was not properly developed and Ms. Hamed answered to the best of her ability. If Macy's wishes, its counsel can argue to the jury that Hamed "should have remembered" these coworkers' names in the heat of deposition. However. evidence preclusion is not a proper answer on this record.

### c. Employees Who Left the Hillsdale Store at 4:00 or 4:30

The third and final request for an evidence preclusion sanction has absolutely no factual or legal basis that Plaintiff's counsel is able to discern.

Plaintiff was asked *no* deposition question or written discovery that touched on the subject for which Macy's now seeks preclusion. Plaintiff merely volunteered in her summary judgment

---

[1] Plaintiff's counsel points out that with respect to many important witnesses (T.J. Traversie, Marco Wu, Jorge Aguilar, and Raquel Echevarria), Macy's did not reveal those names to Plaintiff's counsel during the discovery period despite Plaintiff's repeated follow-up requests. In fact, as the Court will recall, Plaintiff even made application to depose T.J. Traversie, which the Court denied. Thus, Macy's would be impermissibly hypocritical if it attempted to argue that it is now "too late" for Ms. Hamed to provide any names she may remember.

PLAINTIFF OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

3

declaration that during a meeting with Tina Goodin, she and her daughter told Ms. Goodin "that it seemed like some other workers left the store by 4:00 or 4:30 each day" and after that statement, Ms. Goodin offered Hamed FMLA leave.

Macy's never asked for the names of these workers, ostensibly because the names were not even relevant to the salient point Hamed was trying to make—that at first, Ms. Goodin was not very forthcoming about the availability of FMLA leave and only offered it to Hamed *after* she and her daughter had pushed the matter to a point where it was hard for Ms. Goodin to avoid making the offer.

This point is still vitally relevant, both to the age discrimination and to the failure to accommodate claim. The evidence preclusion motion should be denied outright.

### III. CONCLUSION

When the Court reviews the record, it will come to the conclusion, as did Plaintiff's counsel, that there is no proper basis for the "evidence sanction" type relief requested. This motion in limine is Macy's attempt to exclude relevant evidence merely because it does not like the evidence. The motion should be denied in its entirety.

Dated: June 27, 2011                         HENRY G. WYKOWSKI & ASSOCIATES


                                  By:   /s/ Henry G. Wykowski
                                        Henry G. Wykowski
                                        *Attorneys for Plaintiff*
                                        SHOKAT HAMED

# PROOF OF SERVICE

I, Henry G. Wykowski, declare

I am over the age of eighteen (18) years and not a party to the within action. I am a citizen of the United States and employed in the City and County of San Francisco. My business address is 235 Montgomery Street, Suite 657, San Francisco, California, 94104.

On June 27, 2011, I served the within:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1**

in said action by sending a true and correct copy via MESSENGER to the following:

Susan T. Kumagai, Esq.
Tatiana Small, Esq.
*Lafayette & Kumagai*
100 Spear St, Suite 600
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of June, 2011 in San Francisco, California.

s/Henry G. Wykowski
Henry G. Wykowski

---

PLAINTIFF OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW