Henry G. Wykowski (State Bar No. 068255)
**HENRY G. WYKOWSKI & ASSOCIATES**
235 Montgomery Street, Suite 657
San Francisco, CA 94104
Telephone: (415) 788-4545
Facsimile: (415) 788-4546

*Attorneys for Plaintiff*
SHOKAT HAMED

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOKAT HAMED,<br><br>        Plaintiff,<br><br>v.<br><br>MACY'S WEST STORES, INC. and DOES 1-50,<br><br>        Defendants. | No.  CV 10-2790 JCS<br><br>**PLAINTIFF SHOKAT HAMED'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT THAT 1) MACY'S DID NOT DISCRIMINATE AGAINST OTHER EMPLOYEES; 2) THAT MACY'S HAS "NONDISCRIMINATION POLICIES"; AND 3) THAT MACY'S EMPLOYS OTHER ELDERLY PERSONS**<br><br>Complaint Filed:  May 21, 2010<br>Trial Date:         July 18, 2011<br>Pre-Trial Conf:   July 7, 2011<br><br>**HON. JOSEPH C. SPERO** |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT plaintiff hereby moves this Court for an order excluding any and all evidence, references to evidence, testimony or argument relating to 1) that Macy's did not discriminate against employees other than Plaintiff; 2) that Macy's has "nondiscrimination

---

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

PLAINTIFF MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT THAT MACY'S DID NOT DISCRIMINATE
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

1

policies" in place; and 3) that Macy's employs other elderly persons (besides Plaintiff).

This motion is based upon the grounds that Plaintiff's allegations are that *she* was treated in a discriminatory manner (not any other persons) and Macy's general written policies and how it allegedly treats *other* people are therefore irrelevant. Allowing the evidence in this case would prejudice the plaintiff and cause jury confusion.

This motion is made under the provisions of Federal Rules of Evidence 401, 402, 403 and 404, and is based upon the supporting Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  PRELIMINARY STATEMENT

Plaintiff Shokat Hamed had been a stellar, much-decorated Macy's sales associate for at least fifteen years. In mid-2009, however, Ms. Hamed unintentionally called attention to her advancing age (76 at the time) by requesting accommodation for her declining eyesight, which affected her ability to leave the store and drive home safely at night. Also in mid-2009, Ms. Hamed came under the supervision of Helen Morales, who wanted younger people to work in Ms. Hamed's department, the Young Mens' Department.

Macy's terminated Ms. Hamed's employment on November 4, 2009. Although Macy's will claim that the termination was due solely to Ms. Hamed's alleged "violation of Macy's coupon [discounting] policies", the evidence will show that this was a pretext and that in truth, Macy's decision to terminate Ms. Hamed's employment was based substantially on the prohibited ground of age discrimination.

PLAINTIFF MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT THAT MACY'S DID NOT DISCRIMINATE
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G. WYKOWSKI & ASSOCIATES
ATTORNEYS AT LAW

2

## II. THIS COURT MAY EXCLUDE PREJUDICIAL EVIDENCE IN ADVANCE OF TRIAL BY WAY OF AN IN LIMINE MOTION

The Court has the inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. *Luce v. U.S.*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443, 16 Fed. R. Evid. Serv. 833 (1984); *U.S. v. Caputo*, 313 F. Supp. 2d 764, 767-68 (N.D. Ill. 2004), opinion vacated on reconsideration, 2004 WL 5576653 (N.D. Ill. 2004), amended in part, 2004 WL 5576652 (N.D. Ill. 2004); *U.S. v. Lachman*, 48 F.3d 586, 590-94, 41 Fed. R. Evid. Serv. 339 (1st Cir. 1995).

Federal Rule of Evidence 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice. *See Old Chief v. U.S.*, 519 U.S. 172, 180-92, 117 S. Ct. 644, 136 L. Ed. 2d 574, 45 Fed. R. Evid. Serv. 835 (1997); *U.S. v. Aguilar-Aranceta*, 58 F.3d 796, 800-02, 42 Fed. R. Evid. Serv. 843 (1st Cir. 1995); *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343, 59 Fed. R. Evid. Serv. 431 (3d Cir. 2002).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993, 999-1001 (5th Cir. 1980).

## III. ANY REFERENCES TO ALLEGED NONDISCRIMINATION AGAINST OTHER EMPLOYEES OR GENERAL POLICIES OF NONDISCRIMINATION ARE IRRELEVANT AND SHOULD BE EXCLUDED.

This is a disparate treatment discrimination case; not a disparate impact case. In other

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

PLAINTIFF MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT THAT MACY'S DID NOT DISCRIMINATE
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

3

words, Plaintiff's sole focus is how Macy's treated *her;* not how it may have treated other employees.

Nevertheless, on summary judgment, Macy's attempted to clutter the record with declarations about its general anti-discrimination policies "against discrimination and harassment in the workplace based on age, national origin, disabilities, and numerous other characteristics". (Decl. of Christina Goodin ISO MSJ, par. 9-11.)

Macy's also attempted to clutter the record with various "spreadsheets" (which are themselves inadmissible as hearsay and for a variety of other reasons) to purportedly show that the terminations of *other* employees were not discriminatory based on age. (Exh. "A" to Templeton Decl.; Exhs. "R", "S" to Goodin Decl.) Macy's has listed these same spreadsheets on its Exhibit List for trial.

Finally, Plaintiff expects Macy's will try to trumpet at trial that "we have many older people who work at Macy's and they are very successful, valued employees".

Federal Rule of Evidence 402 states in pertinent part, "Evidence which is not relevant is not admissible." Relevant evidence is defined by Federal Rule of Evidence 401 as: evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Here, none of these types of evidence is relevant, because none of it goes towards showing that Macy's treatment *of this individual Plaintiff* was not discriminatory.  Moreover, it appears to violate F.R.E. 404: "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion…"

**IV.   EVIDENCE OF ALLEGED NONDISCRIMINATION AGAINST OTHERS SHOULD BE  EXCLUDED TO AVOID PREJUDICIAL JURY CONFUSION.**

PLAINTIFF MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT THAT MACY'S DID NOT DISCRIMINATE
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

Henry G. Wykowski & Associates
Attorneys at Law

4

The Federal Rules of Evidence clearly provide that this Court may exclude evidence when it is unduly confusing. In fact, Federal Rule of Evidence 403 specifically states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, *confusion of the issues, or misleading the jury,* or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. (Emphasis added.)

The Court may exclude marginally probative evidence that might easily confuse the jury. *See, e.g., Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 582-98.

In the present case, there is a substantial danger that if this evidence of whether there was "discrimination against others" is admitted, the entire case would turn into a battle of statistics, on both sides, that would unfairly take the focus away from *this Plaintiff's* story. Any such evidence will only serve to confuse the jury and unfairly prejudice the plaintiff.

### V.   CONCLUSION

Based on the foregoing, the plaintiff respectfully requests that this Court issue an order excluding any and all evidence, references to evidence, testimony or argument relating to 1) that Macy's did not discriminate against employees other than Plaintiff; 2) that Macy's has "nondiscrimination policies" in place; and 3) that Macy's employs other elderly persons (besides Plaintiff).

Dated:   June 17, 2011                HENRY G. WYKOWSKI & ASSOCIATES


By:  /s/ Henry G. Wykowski
     Henry G. Wykowski
     *Attorneys for Plaintiff*
     SHOKAT HAMED

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

PLAINTIFF MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT THAT MACY'S DID NOT DISCRIMINATE
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

5

# PROOF OF SERVICE

I, Henry G. Wykowski, declare

I am over the age of eighteen (18) years and not a party to the within action. I am a citizen of the United States and employed in the City and County of San Francisco. My business address is 235 Montgomery Street, Suite 657, San Francisco, California, 94104.

On June 17, 2011, I served the within:

**PLAINTIFF SHOKAT HAMED'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT THAT 1) MACY'S DID NOT DISCRIMINATE AGAINST OTHER EMPLOYEES; 2) THAT MACY'S HAS "NONDISCRIMINATION POLICIES"; AND 3) THAT MACY'S EMPLOYS OTHER ELDERLY PERSONS**

in said action by sending a true and correct copy via U.S. MAIL to the following:

Susan T. Kumagai, Esq.
Tatiana Small, Esq.
*Lafayette & Kumagai*
100 Spear St, Suite 600
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of June, 2011 in San Francisco, California.

                                                   s/Henry G. Wykowski
                                                   Henry G. Wykowski

PLAINTIFF MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT THAT MACY'S DID NOT DISCRIMINATE
*Shokat Hamed v. Macy's West Stores, Inc., CV 10-2790 JCS*

HENRY G. WYKOWSKI & ASSOCIATES
ATTORNEYS AT LAW