United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHOKAT HAMED,

        Plaintiff(s),

    v.

MACYS WEST STORES,

        Defendant(s).
_____/

Case No. C10-02790 JCS

**FINAL PRETRIAL ORDER**

On July 7, 2011, a final pretrial conference was held.

IT IS HEREBY ORDERED THAT:

The Court adopts the proposed Pretrial Order except as set forth below.

1. Length and Conduct of Trial

    a. Trial days: 8:30 a.m., to 3:30 p.m., with one 15 minute break at 10:30 a.m., and 45 minutes for lunch at noon, and one break in the afternoon.  Normally, trial will run Monday through Thursday, with deliberations also occurring on Fridays.

    b. Each side shall have nine (9) hours per side, which includes direct of your witnesses and cross of opposing party's witnesses, including all objections and other time in front of the jury, other than opening statement and closing arguments.  The Court and the parties will select a jury on May 18, 2011, at 8:30 a.m.

    c. Be on time and prepared with witnesses.  If you do not have your next witness present at any time, you will be deemed to have rested that portion of your case (e.g. case in chief, rebuttal).  You may present your direct examination of a witness when the witness first appears

|   |   |   |
|---|---|---|
| 1 | d. | All witnesses except party representatives and experts are excluded from the trial |
| 2 |   | when not testifying. |
| 3 | e. | In order to avoid prejudice to either side, the Court will follow the normal rule |
| 4 |   | regarding objections to evidence and other legal points which the Court must decide: |
| 5 |   | No lengthy arguments in front of the jury.  No sidebars.  Any argument should occur |
| 6 |   | before 8:30 a.m., or after 3:30 p.m.,  unless it is unavoidable.  Objections should |
| 7 |   | consist of a citation to the Federal Rule of Evidence at issue and the applicable |
| 8 |   | generic description ( e.g."relevance"). |
| 9 | f. | No unnecessary duplication. |
| 10 | g. | Seek leave to approach the witness the first time |
| 11 | h. | Rise for objections |
| 12 | i. | Notices of witnesses and documents: At the close of each trial day, you must disclose |
| 13 |   | to the other parties the witnesses to be called the following 2 trial days, and the |
| 14 |   | Exhibit numbers of the documents that you plan to use on direct (other than for |
| 15 |   | impeachment).  With 24 hours of such disclosure, exchange exhibits numbers to be |
| 16 |   | used in cross of the witnesses (other that for impeachment). The party going first in |
| 17 |   | the trial shall disclose first two days of witnesses 48 hours before the beginning of the |
| 18 |   | trial, with cross disclosures 24 hours later.  Demonstrative exhibits for Opening |
| 19 |   | Statements shall be exchanged 48 hours before the first day of trial.  You are not |
| 20 |   | allowed to call witnesses or use documents other than those that have been previously |
| 21 |   | disclosed in both  the Proposed Pretrial Order, <u>and</u> in the daily witness lists. |
| 22 | 2. | Motions In Limine |
| 23 | j. | Defendants  #1 to exclude Plaintiff from testifying about individuals whom she |
| 24 |   | refused to identify is DENIED in part.  Plaintiff may not testify about any other |
| 25 |   | employee who allegedly gave coupons to customers in violation of Defendant's |
| 26 |   | policies because she refused to identify these individuals at deposition and did not |
| 27 |   | include them in her Rule 26 disclosure.  Plaintiff may testy as to those co-workers |
| 28 |   | who swapped schedules with her, and may be impeached by her lack of memory at |
|   |   | the deposition.  Plaintiff may testify as to any co-workers who regularly left at 4:00 |

|   |   |   |
|---|---|---|
| 1 | | or 4:30 if she can establish personal knowledge of that fact. Defendant may cross |
| 2 | | examine on her lack of knowledge about the reasons for those departures. |
| 3 | k. | Defendants #2 to exclude evidence that Plaintiff was required to use vacation time |
| 4 | | instead of sick time is GRANTED.  There is no FMLA claim in the case, and any |
| 5 | | minimal relevance is substantially outweighed by the unfair prejudice. |
| 6 | l. | Defendants #3 to exclude witnesses is GRANTED. |
| 7 | m. | Defendants motion to exclude expert testimony by Richard Carlson. Court will hear |
| 8 | | argument on this motion on **July 18, 2011**, **at 1:30 p.m.**  The opposition shall be due |
| 9 | | by July 12, 2011. There will be no reply brief. |
| 10 | n. | Plaintiff's #1 to exclude evidence and argument that Macy's did not discriminate |
| 11 | | against other employees, has a non-discrimination policy, and employs the elderly is |
| 12 | | DENIED as to the following evidence: (1) evidence of non-discrimination policies |
| 13 | | and training of supervisors in those policies is relevant both to liability and to |
| 14 | | punitive damages (2) evidence that other employees were terminated for violation of |
| 15 | | coupon policies regardless of age is relevant to liability, and (3) employment of |
| 16 | | elderly is relevant to intent. |
| 17 | o. | Plaintiff's #2 to require a proffer before admitting or referring to evidence of coupon |
| 18 | | policies is DENIED in part.  Defendant will have to offer proof of the policies to |
| 19 | | prove its age-neutral explanation for the firing.  The policies, however, are relevant to |
| 20 | | intent even if plaintiff did not know of the policies. |
| 21 | p. | Plaintiff's #3 to exclude plaintiff's civil complaint and FEHA complaint is DENIED |
| 22 | | in part.  The FEHA complaint may be used as impeachment material when plaintiff |
| 23 | | testifies.  The FEHA complaint was under penalty of perjury.  The Complaint in this |
| 24 | | action may not be used because it is of little if any relevance and would only serve to |
| 25 | | confuse the jury.  Evid. Code. § 403. |

3. An eight (8) person jury will be used. Each side will have three (3) peremptory challenges.

4. An agreed upon one paragraph statement of the case shall be due by **July 12, 2011.**

5. Jury Instructions: the parties are directed to try to agree on all jury instructions. Revised Joint Jury Instructions shall be submitted on **July 12, 2011.**

6. Verdict form. The parties are directed to try to agree upon a form of verdict and submit it to the Court on **July 12, 2011.**

7. Excerpts of Discovery cannot be used as they were not properly filed.

8. All parties stipulated that copies may be used as originals, and that all copies produced in discovery are authentic.

9. Exhibits: demonstrative exhibits shall be exchanged 48 hours before the first day of trial and 24 hours before closing arguments.

IT IS SO ORDERED.

Dated: July 12, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge

4