1

2

3

4    UNITED STATES DISTRICT COURT

5    NORTHERN DISTRICT OF CALIFORNIA

6

7    SHOKAT HAMED,                          No. C-10-2790 JCS

8            Plaintiff,

9        v.

10   MACY'S WEST STORES INC.,

11           Defendants.

12   _____/

13

14                   **FINAL JURY INSTRUCTIONS**

15

16   Dated: July 25, 2011

17

18                                   _____

19                                   JOSEPH C. SPERO
                                     United States Magistrate Judge

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury.  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 2**

**IDENTIFICATION OF PARTIES AND CLAIMS**

To help you follow the evidence, I will give you a brief summary of the positions of the parties at trial. The Plaintiff is Shokat Hamed, and the defendant is Macy's West Stores. In this case, Plaintiff Hamed alleges that she was terminated from her employment on the basis of her age in violation of state law. The Plaintiff has the burden of proving this claim.

Defendant Macy's denies this allegation.

**United States District Court**

For the Northern District of California

3

**JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

4

**JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      1.      The sworn testimony of any witness;

      2.      The exhibits which are received into evidence; and

      3.      Any facts to which the lawyers have agreed.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will

list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**JURY INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

     1.     The opportunity and ability of the witness to see or hear or know the things testified to;

     2.     The witness' memory;

     3.     The witness' manner while testifying;

     4.     The witness' interest in the outcome of the case and any bias or prejudice;

     5.     Whether other evidence contradicted the witness's testimony;

     6.     The reasonableness of the witness' testimony in light of all the evidence; and

     7.     Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 9**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 10**

**DISCREPANCIES IN TESTIMONY**

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses, if there were any, do not necessarily mean that any such witness should be discredited.  Failure of recollection is common.  Innocent misrecollection is not uncommon.  Two persons witnessing an incident or a transaction often will see or hear it differently.  You should consider whether a discrepancy pertains to an important matter or only to something trivial.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 11**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**JURY INSTRUCTION NO. 12**

**USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**JURY INSTRUCTION NO.  13**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received into evidence have been shown to you in order to help explain the contents of books, records, documents or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**JURY INSTRUCTION NO.  14**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**JURY INSTRUCTION NO. 15**

**EXPERT WITNESS TESTIMONY**

During the trial you heard testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

1. The expert's training and experience;

2. The facts the expert relied on; and

3. The reasons for the expert's opinion.

**JURY INSTRUCTION NO.  16**

**CONFLICTING EXPERT TESTIMONY**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others.  You should examine the reasons given for each opinion and the facts or other matters that each witness relied on.  You may also compare the experts' qualifications.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO.  17**

**EXPERTS - QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts.  These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  18**

**FEHA CLAIM -- ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her age discrimination claim against the Defendant Macy's, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

       1.      That Defendant Macy's West Stores, Inc. was an employer;

       2.      That Shokat Hamed was an employee of Macy's;

       3.      That Macy's terminated Shokat Hamed's employment;

       4.      That Shokat Hamed's age was a motivating reason for the termination;

       5.      That Shokat Hamed was harmed; and

       6.      That the termination was a substantial factor in causing Shokat Hamed's harm.

The parties have stipulated that Macy's West Stores, Inc. was an employer, that Shokat Hamed was an employee of Macy's and that she was terminated by Macy's.

If you find the Plaintiff has proved each of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for Defendant Macy's.

**JURY INSTRUCTION NO. 19**

**MOTIVATING REASON EXPLAINED**

A "motivating reason" is a reason that contributed to the decision to take certain action, even though other reasons may have contributed to the decision.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 20**

**INFERENCE OF BIAS**

You may infer that discrimination was a motivating factor for Macy's termination of Plaintiff

Hamed if you find that she was treated worse than similarly situated employees.

**JURY INSTRUCTION NO.  21**

**DEMONSTRATION OF PRETEXT**

Pretext may be demonstrated by showing that the proffered reason has no basis in fact, the proffered reason did not actually motivate the discharge, or the proffered reason was insufficient to motivate the discharge.

United States District Court

For the Northern District of California

22

**JURY INSTRUCTION NO.  22**

**ECONOMIC AND NON-ECONOMIC DAMAGES**

The damages claimed by Shokat Hamed for the harm caused by Macy's fall into two categories called economic damages and non-economic damages. You will be asked on the verdict form to state the two categories of damages separately.

**JURY INSTRUCTION NO.  23**

**RE: COMPENSATORY DAMAGES - PROOF/MEASURES OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for the Plaintiff on any of her claims, you must determine the Plaintiff's damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.

With respect to economic damages, you should consider the following:

      1.      The reasonable value of wages, earnings, or employment opportunities lost to the present time;

      2.      The reasonable value of, wages, earnings, or employment opportunities, which with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**United States District Court**
For the Northern District of California

24

**JURY INSTRUCTION NO. 24**

**ITEMS OF NON-ECONOMIC DAMAGES**

The following are the specific items of non-economic damages claimed by Shokat Hamed

    1.    Past mental suffering, inconvenience, anxiety, humiliation and emotional distress;

    2.    Future mental suffering, inconvenience, anxiety, humiliation and emotional distress;

No fixed standard exists for deciding the amount of these non-economic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering, inconvenience, anxiety, humiliation or emotional distress, Shokat Hamed must prove that she is reasonably certain to suffer that harm.

For future mental suffering, inconvenience, anxiety, humiliation and emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Shokat Hamed for future mental suffering, inconvenience, anxiety, humiliation and emotional distress.  This amount of non-economic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

25

**JURY INSTRUCTION NO. 25**

**AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY**

Shokat Hamed is not entitled to damages for any emotional condition that she had before Macy's conduct occurred.  However, if Shokat Hamed had an emotional condition that was made worse by Macy's wrongful conduct, you must award damages that will reasonably and fairly compensate her for the effect on that condition.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 26**

**DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages. Non-economic damages such as mental suffering, inconvenience, anxiety, humiliation and emotional distress are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

**JURY INSTRUCTION NO.  27**

**DAMAGES - MITIGATION**

The Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The Defendants have the burden of proving by a preponderance of the evidence:

      1.  that Plaintiff Shokat Hamed failed to use reasonable efforts to mitigate damages; and

      2.  the amount by which damages would have been mitigated.

**United States District Court**
For the Northern District of California

1

2

**JURY INSTRUCTION NO. 28**

**RE: PUNITIVE DAMAGES**

3   If you decide that Macy's discharge was an act of age discrimination that caused Shokat Hamed

4   harm, you must decide whether that conduct justifies an award of punitive damages against Macy's

5   for conduct by Helen Morales, Christina Goodin, Brenda Moore or Joseph C. Dunnam.  At this time,

6   you must decide whether Shokat Hamed has proved by clear and convincing evidence that Macy's

7   engaged in that conduct with malice, oppression, or fraud.  The amount of punitive damages, if any,

8   will be decided later.

9

10   "Malice" means that Helen Morales, Christina Goodin, Brenda Moore or Joseph C. Dunnam acted

11   with intent to cause injury or that conduct by Helen Morales, Christina Goodin, Brenda Moore or

12   Joseph C. Dunnam was despicable and was done with a willful and knowing disregard of the rights

13   or safety of another. A person acts with knowing disregard when he or she is aware of the probable

14   dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

15   "Oppression" means that conduct by Helen Morales, Christina Goodin, Brenda Moore or Joseph C.

16   Dunnam was despicable and subjected Shokat Hamed to cruel and unjust hardship in knowing

17   disregard of her rights.

18

19   "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down

20   on and despised by reasonable people. "Fraud" means that Helen Morales, Christina Goodin, Brenda

21   Moore or Joseph C. Dunnam intentionally misrepresented or concealed a material fact and did so

22   intending to harm Shokat Hamed.

23

24   To be entitled to punitive damages, Shokat Hamed must prove one of the following by clear and

25   convincing evidence:

26         1.      That Brenda Moore was a managing agent who was acting on behalf of Macy's with

27                 malice, oppression, or fraud; or

28

29

United States District Court

For the Northern District of California

2.    That Helen Morales, Christina Goodin, Brenda Moore or Joseph C. Dunnam engaged in conduct with malice, oppression or fraud, and that an officer or a managing agent of Macy's had advance knowledge of the unfitness of Helen Morales, Christina Goodin, Brenda Moore or Joseph C. Dunnam before they engaged in the conduct with malice, oppression or fraud, and employed him or her with a knowing disregard of the rights or safety of others; or

3.    That Helen Morales, Christina Goodin, Brenda Moore or Joseph C. Dunnam engaged in conduct with malice, oppression, or fraud and an officer or a managing agent of Macy's authorized Helen Morales, Christina Goodin, Brenda Moore or Joseph C. Dunnam's wrongful conduct; or

4.    That Helen Morales, Christina Goodin, Brenda Moore or Joseph C. Dunnam engaged in conduct with malice, oppression, or fraud and an officer or a managing agent of Macy's knew of Helen Morales, Christina Goodin, Brenda Moore or Joseph C. Dunnam's wrongful conduct and adopted or approved the conduct after it occurred.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

30

**JURY INSTRUCTION NO. 29**

**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE STANDARD**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO.  30**

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the

Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions,

you must award nominal damages.  Nominal damages may not exceed one dollar.

**JURY INSTRUCTION NO.  31**

**JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

**United States District Court**
For the Northern District of California

33

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO.  32**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO.  33**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO.  34**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.