UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOKAT HAMED,<br><br>        Plaintiff,<br><br>        v.<br><br>MACY'S WEST STORES, INC. and DOES 1-50,<br><br>        Defendants.<br>_____/ | No. C 10-2790 JCS<br><br>**AMENDED ORDER DENYING MACY'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>**[Docket No. 181]** |

## I.  INTRODUCTION

Following a six day jury trial, a verdict was entered in favor of Plaintiff Shokat Hamed ("Plaintiff"). Defendant Macy's West Stores, Inc. ("Defendant") now brings a renewed motion for judgment as a matter of law ("the JMOL Motion").[1] The Court finds the JMOL Motion suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons stated below, the Motion is DENIED.[2]

---

[1] This order is nearly identical to the one issued by the Court on October 17, 2011, except that it clarifies that the public policy claim was not dismissed in its entirety on summary judgment. On summary judgment, the public policy claim was dismissed to the extent that it was based on disability and national origin. However, at the pretrial conference the parties agreed that the remainder of the claim – based on age discrimination – was duplicative and would be dismissed after the jury reached a verdict on the age discrimination claim. *See* Dkt. No. 130 (Reporter's Transcript, July 7, 2011 at 34). Accordingly, the remainder of the public policy claim is hereby DISMISSED.

[2] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

**II. BACKGROUND**

**A. Procedural Background[3]**

At the outset of the case, there were five claims: 1) employment discrimination based on physical disability/medical condition, in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940 *et. seq.*; 2) employment discrimination based on age in violation of FEHA, Cal. Gov. Code § 12940 *et. seq.*; 3) employment discrimination on the basis of national origin in violation of FEHA, Cal. Gov. Code § 12940 *et. seq.*, 4) retaliation in violation of FEHA, § 12945.2; and 5) wrongful termination in violation of public policy based on FEHA and CFRA.

On summary judgment, the Court dismissed two of the five claims – Plaintiff's two FEHA claims based upon Plaintiff's termination on account of disability and national origin discrimination.[4] The Court also dismissed the public policy claim to the extent that it was based upon disability and national origin. At the pretrial conference on July 7, 2011, the parties agreed that the violation of public policy on the basis of age discrimination claim was duplicative of the FEHA age discrimination claim and would be dismissed when the jury reached a verdict on that claim. *See* Dkt. No. 130 (Reporter's Transcript, July 7, 2011 at 34). As a result, the jury was presented with two claims: 1) age discrimination under FEHA and 2) failure to accommodate a disability under FEHA. Following the close of evidence and prior to the commencement of deliberations, the Defendant filed a motion for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure. The Court granted the motion with respect to the failure to accommodate claim, but denied it as to the age discrimination claim. The jury found in favor of the Plaintiff on the age discrimination claim and awarded damages. The jury declined to award punitive damages.

---

[3] A detailed discussion of the facts of the case can be found in the Court's Second Amended Summary Judgment Order, filed May 20, 2011. *See* docket No. 84.

[4] Plaintiff did not oppose the Defendant's summary judgment motion with respect to the national origin claim.

## III. ANALYSIS

### A. Legal Standard for Motion for Judgment as a Matter of Law

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, a court may grant a motion for judgment as a matter of law ("JMOL") against a party on a claim or issue where the party has been "fully heard on [that] issue during a jury trial" and the court finds that a "reasonable jury would not have a legally sufficient evidentiary basis" to find for that party. Fed.R. Civ. P. 50(a) & (b). In the Ninth Circuit, "[j]udgment as a matter of law is appropriate when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, which is contrary to the jury's verdict." *Omega Environmental, Inc. v. Gilbarco, Inc*., 127 F.3d 1157, 1161 (9th Cir. 1997), *cert. denied*, 525 U.S. 812 (1998).

If there is substantial evidence to support a jury verdict, the court should deny a motion for judgment as a matter of law. *See Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007) ("A jury's verdict must be upheld if it is supported by substantial evidence."). "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994); *see also Wallace*, 479 F.3d at 624 ("Judgment as a matter of law may be granted only where ... the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict."). Importantly, "the court must not weigh the evidence, but should simply ask whether the plaintiff has presented sufficient evidence to support the jury's conclusion." *Id.* Moreover, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." *Id.* The court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.*

### B. The Defendant's Motion

The Defendant argues that Plaintiff failed to meet her burden at trial on the age discrimination claim because she did not prove by a preponderance of the evidence that her age was a motivating reason for her termination. Defendant argues that Plaintiff's evidence amounted to

3

"nothing more than alleged stray remarks by two individuals who did not have the authority to make the ultimate termination decision, and which remarks were unrelated to her termination." Motion at 1. Defendant also argues that Plaintiff presented no evidence that she was treated differently than any other employee outside of her protected class who violated Macy's coupon policy, and that she failed to show that Macy's proffered reason for the termination was a pretext for discrimination. Defendant contends that it "proffered overwhelming evidence that the investigated, well documented, and admitted violations of Macy's coupon policies were the sole basis for the termination of Plaintiff's employment." Def.'s JMOL Motion at 1.

Plaintiff responds that there were "myriad items of evidence the jurors could have properly relied on to support their determination that age discrimination was a motivating reason for the termination." Pl.'s Opposition at 4   Specifically, Plaintiff argues that the jury could have: 1) credited Plaintiff's testimony that Morales and/or Goodin made discriminatory remarks in the weeks prior to the termination; 2) disbelieved Morales' or Goodin's denials at trial of having made those remarks; 3) found it unbelievable that Macy's would have terminated an eighteen-year employee without any warning; 4) found it to be "bad faith to terminate Plaintiff for alleged 'coupon misuse' when that term was never defined in the Employee Manual she received"; 5) credited Plaintiff's testimony that her store manager had told her that she was allowed to give discounts in connection with opening new Macy's accounts; 6) found it to be "bad faith" that Goodin recommended Plaintiff's termination before she had spoken to Plaintiff to hear her version of events and before Dunnam's investigation was complete; 7) found it incredible that Goodin could have proceeded with Plaintiff's termination, after having received "Exhibit 51" from Plaintiff and her daughter, without doing any further investigation; 8) credited Plaintiff's analysis of Exhibit 27, the "coupon termination chart," which showed that older people were 250 percent more likely to be terminated for alleged coupon misuse than Macy's general employee population; 9) viewed it as significant that Dunnam testified that the "Cinco" employee was not terminated by Macy's after she had misused coupons; or 10) been persuaded by the "extremely high number of significant instances of 'impeachment' that tripped up all of Macy's witnesses at trial." Pl.'s Opposition at 4-5.

### C. Application of the Law to the Facts of the Case

Although the evidence that Ms. Hamed was fired because of her age was not overwhelming, the Court finds that it was adequate. In particular, Plaintiff testified that when her manager Ms. Morales spoke to her about a transfer from the Young Men's department to the Men's Basics department, she said to Plaintiff that "[t]he Young Men's department job is for the young people, young guy" and that "the younger people do this job better, especially the fitting room." Motion at 5 (citing TP at 183:5-15; 279:4-8; 278:9-279:3; 279:9-24; 530:11-21). Similarly, Plaintiff testified that Goodin, the Human Resources Manager, asked Plaintiff her age and, at the same time, asked Plaintiff why she did not retire. The jury was also entitled to believe, based on the testimony of Mr. Dunnam, that automatic termination was not required for all violations of the coupon policy – and to disbelieve the contrary testimony by other Macy's witnesses. Indeed, they were entitled to believe that Goodin was incorrect in her testimony that it was policy to terminate without warning all coupon violators. Under these circumstances, the jury could conclude that age was a motivating factor in Defendant's decision to terminate Plaintiff, without warning, after repeated comments about her age.

Defendant's argument that Morales and Goodin were not involved in the decision to terminate Plaintiff fails. First, it is incorrect: Goodin, at least, was the Human Resources Manager and recommended termination. Def.'s JMOL Motion at 4. Moreover, it was Morales who referred Plaintiff for investigation. *See Dominguez-Curry v. Nevada Transp. Dep't.*, 424 F.3d 1027, 1034 (9th Cir. 2005).

Defendant further argues that these allegedly discriminatory comments constitute "stray remarks" as a matter of law. Motion at 9 (citing *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993) (finding that decision maker's remark "'[w]e don't want unpromotable fifty-year olds around'" was not related directly or indirectly to employees' terminations)). For the reasons stated in the Court's Summary Judgment Order, the Court disagrees with this argument as a matter of law. *See* Docket No. 84 at 19.

The Court is similarly unpersuaded by Defendant's argument that the verdict must be set aside because Plaintiff failed to demonstrate "pretext" at trial. On the question of pretext, the Court

5

gave a "demonstration of pretext" instruction, advising that "[p]retext may be demonstrated by showing that the proffered reason has no basis in fact, did not motivate the discharge, or was insufficient to motivate the discharge." Motion at 8 (citing TP at 1041:24-1042:2; JI 21). The jury submitted the following questions to the Court regarding Jury Instruction No. 21: "What is the relevance of determining that the proffered reason for termination was a pretext? If we find the proffered reason was a pretext, may we conclude automatically that age was a motivating reason for the termination?" Motion at 8 (citing Jury Note 6). In response, the Court advised:

> Plaintiff has the burden of proving that age was a motivating reason in the termination. You should consider all of the evidence in deciding whether Plaintiff has met her burden of proving that age was a motivating reason in the termination. In this regard, you may consider, *along with the other evidence in the case*, whether the proffered reason for the termination was a pretext.

*Id*. (citing TP at 1071:15-24) (emphasis added). The jury was not *required* to find that the proffered reason was pretextual to find for the Plaintiff. In any event, the jury was entitled to conclude, based on the evidence cited above, that the proffered reason was pretextual.

Defendant argues that there was no evidence of similarly situated younger workers being treated any differently from Plaintiff. As Plaintiff notes, under CACI 2500, an age discrimination verdict is proper if, based on all of the evidence, age is "a motivating reason" for the termination. As Macy's points out in its Motion, the Court instructed the jury that "[a] 'motivating reason' is a reason that contributed to the decision to take certain action, even though other reasons may have contributed to the decision." Def.'s JMOL Motion at 7. Defendant cites no law under FEHA that *requires* a plaintiff to make this showing by putting forth evidence regarding similarly situated employees. This was merely one of the ways that Plaintiff could attempt to demonstrate that her age was a motivating factor in her termination. As described above, there was sufficient evidence of discriminatory intent.

The Court is not persuaded by Defendant's argument that "Plaintiff's admission [that she violated the coupon policy] is conclusive evidence in Macy's favor that the Company's stated reason for the termination was not a pretext for a discriminatory motive." Def.'s JMOL Motion at 11. The evidence in favor of Macy's does not compel upsetting the jury's verdict. The jury could have concluded from Ms. Hamed's evidence – including her own testimony regarding ageist comments

6

made to her by her supervisors shortly before her termination and the fact that she was fired without warning – that her age was a "motivating reason" for her termination. In this regard, the jury also could have credited the evidence of a Macy's employee who was not terminated despite having violated the same coupon policy. Evidence (or admission) that Plaintiff violated the coupon policy is not the end of the inquiry.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion is DENIED.

IT IS SO ORDERED.

Dated: October 24, 2011

JOSEPH C. SPERO
United States Magistrate Judge